UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOLCOW LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:26-cv-2059 |
| | ) |
| ZHEN ELIZABETH FONG-JONES, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES LOLCOW LLC, a limited liability company organized under the laws of the State of West Virginia, for its complaint against defendant ZHEN ELIZABETH FONG-JONES, a natural person, and alleges as follows:

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. Defendant has sent three separate demand letters to Plaintiff, two of which appear to have originated within this District, alleging that Plaintiff has violated Defendant's copyrights and is liable for damages under 17 U.S.C. § 501 *et seq*. Rather than seeking to protect the commercial value of any copyright, Defendant is misusing copyright law in a misguided attempt to remove "biting criticism" from the Internet. *Fisher v. Dees*, 794 F.2d 432, 438 (9th Cir. 1986), *cited with approval in Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994).

2. In email correspondence dated March 9, 2026, Defendant gave Plaintiff only until March 13, at 5:00 p.m. to capitulate entirely to Defendant's demands, or face litigation alleging not only that Lolcow LLC is violating Fong-Jones' copyright(s), but also that it is doing so willfully and subject to extraordinary statutory damages. Lolcow LLC has

1

therefore been forced to file this declaratory judgment action on an urgent basis not only to protect its own artistic rights, but to counter Fong-Jones' false narrative that anything other than immediate capitulation to accusatory demand letters is evidence of willful behavior for which statutory damages are ten times higher the ordinary amount.

3. As Plaintiff has repeatedly explained to Defendant (as Defendant's threats have continually escalated and demands for payment have increased), no claim of infringement will lie either because Fong-Jones does not have a copyright in the reproduced material in the first instance, or because the alleged reproduction of copyright material consists entirely of critical commentary protected by the Fair Use doctrine.

4. Defendant, through counsel, has grown increasingly aggressive and sent persistent demands to Plaintiff for monetary and other forms of relief. This has forced Plaintiff to divert significant business and legal resources to responding to Defendant's persistent, false accusations of copyright infringement. Plaintiff therefore has no choice but to invoke the jurisdiction of this Court to seek redress and protection.

## PARTIES

5. Lolcow LLC is a limited liability company organized under the laws of the State of West Virginia. Lolcow LLC owns an Internet forum called Kiwi Farms and does business as Kiwi Farms. Lolcow LLC's sole member is Joshua Moon, an adult resident and domiciliary of the State of Florida.

6. Lolcow LLC maintains an agent as required by the Digital Millennium Copyright Act. 17 U.S.C. § 512 (c)(2). That agent is listed in the DMCA Registered Agent Directory, as follows:



7. Lolcow LLC is primarily an online business with no physical office. It maintains servers in various data centers throughout the United States, but approximately 25% of its Internet traffic is routed through New York City, including one location at 60 Hudson Street. Although Internet traffic is diffuse and it is difficult or impossible to predict the exact nature of any cache of the allegedly copyright-protected material, it is likely that the traffic routed through New York City includes a cache of the content that Fong-Jones alleges infringes a copyright or that the traffic routed through New York City may be used to access the content.

8. Defendant Zhen Elizabeth Fong-Jones is an adult whose residence is unknown to Plaintiff. On information and belief, Fong-Jones is a citizen of either Australia or Canada and is not a citizen of the United States. Fong-Jones has been conducting a campaign to deplatform Kiwi Farms since approximately 2022, and has contacted various Kiwi Farms'

3

contractors and business associates in an effort to get those contractors or associates to terminate business relations with Kiwi Farms. Fong-Jones has dubbed this campaign the "#EndKiwiFarms" campaign.

9. Fong-Jones maintains, or at a minimum recently maintained, a home in New York City, as evidenced by one of the images in dispute in this case, *infra*. at ¶ 17, in which Fong-Jones expressly stated that a previous photoshoot had been arranged "in my Brooklyn home." Fong-Jones also conducts substantial business in this judicial district. Specifically, Fong-Jones has employed the Manhattan law firm Kamerman, Uncyk, Soniker & Klein P.C. ("KUSK") to send repeated allegations of copyright infringement directed at Lolcow LLC. That firm has sent repeated demands from its midtown offices at 1700 Broadway, 16th Floor, New York, NY 10019. These allegations were directed to Lolcow LLC's DMCA agent in Texas.

10. Fong-Jones' contacts with the KUSK law firm are extensive and systematic and, on information and belief, extend beyond the copyright claims at issue in this litigation. Fong-Jones appears to utilize the services of the KUSK law firm both generally and with specific reference to an extensive copyright and reputation management campaign which seeks to remove content from the Internet which Fong-Jones believes reflects negatively on Fong-Jones' character or reputation. The extensive and intertwined nature of Fong-Jones' business and personal relationships in New York City indicate that Fong-Jones has engaged in purposeful availment of New York's legal and technological ecosystems.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction pursuant to 28 U.S.C. § 2201 because there is an actual controversy within its jurisdiction. Specifically, the Defendant alleges that the Plaintiff has

4

twice violated one of Defendant's copyrights, and copyright disputes present federal questions within the jurisdiction of this Court. 28 U.S.C. § 1331. Due to the sprawling extent of Fong-Jones' contacts with New York City and the specific nature of the copyright campaign in which Fong-Jones has engaged which originates in Manhattan, Fong-Jones is subject to this Court's jurisdiction pursuant to Fed. R. Civ. P. 4(k) and New York's long-arm statute. NY CPLR § 302.

12. Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because the Plaintiff is a West Virginia LLC with its sole member being a domiciliary of Florida, and (on information and belief) Defendant is a citizen of a foreign country and is not domiciled in either West Virginia or Florida.[1] The value of declaratory judgment in this case exceeds $75,000 because, according to Fong-Jones' own demand letter sent by KUSK to Lolcow's DMCA agent on March 2, 2026, Fong-Jones alleges that Lolcow's actions are willful in nature. Statutory damages for willful copyright infringement consist of up to $150,000 per infringement, 17 U.S.C. § 504 (c)(2), and Fong-Jones alleges two separate infringements, such that the value of declaratory relief is fairly estimated at $300,000.[2]

---

[1] Lolcow LLC is not aware of any precise residential address for Fong-Jones, and anticipates seeking either that service be waived pursuant to Fed. R. Civ. P. 4 (d) or that service of process by alternative means be permitted pursuant to CPLR § 308 (5)/Fed. R. Civ. P. 4 (e)(1). According to Fong-Jones' LinkedIn profile, Fong-Jones is currently a domiciliary of Australia. According to a BlueSky social media post more fully described below at ¶ 17 and the exhibit referred to therein, Fong-Jones maintains or recently maintained a home in Brooklyn. On information and belief, it is asserted that Fong-Jones is either a citizen and domiciliary of a foreign country, or alternatively a domiciliary of the State of Washington, the State of California, or the State of New York. Regardless of which of these possibilities are true, diversity jurisdiction is proper under 28 U.S.C. § 1332 (a).

[2] Had Fong-Jones wished to characterize the allegations of copyright infringement as anything other than willful in nature, the value of declaratory relief might have been limited to $15,000 per infringement pursuant to 17 U.S.C. § 504 (c)(1). Fong-Jones also could have sought relief from the Copyright Claims Board rather than threatened U.S. District Court litigation. 17 U.S.C. § 1504 (e) (capping damages at $15,000 per infringement). Instead, Fong-Jones has threatened

5

13. Venue is proper in this Court under 28 U.S.C. § 1400 (a) because agents of the Defendant, specifically the KUSK law firm Fong-Jones specifically retained to engage in a campaign of threats directed at those Fong-Jones alleges have violated copyrights, can be found in this judicial district. Additionally, Fong-Jones has systematic contacts with the New York legal and technological ecosystems, and either maintains or recently maintained a home in New York City.

14. Additionally and/or alternatively, venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the acts and omissions at issue occurred in the Southern District of New York. Specifically, Defendant's agents sent at least two demand letters from the Manhattan office of the KUSK law firm and directed that return correspondence be sent to that address. Additionally, because approximately 25% or more of Lolcow LLC's Internet traffic routes through Manhattan, a substantial part of the activity of which the Defendant complains took place in this District.

## FACTUAL ALLEGATIONS

15. On February 26, 2026, Defendant's counsel sent a demand letter to Plaintiff, alleging that two images protected by copyright law were present on a website owned by Lolcow LLC. A true and correct copy of that letter is attached as Exhibit A.

16. These two images were posted on an Internet discussion board by third parties and do not originate with any agent or employee of Lolcow LLC. The first image is a screenshot of a BlueSky social media post. The second image is an edited photo of Fong-Jones, with critical commentary added (presumably by the individual who posted the image)

---

litigation, sent demands for escalating amounts of monetary and other relief, and expressly alleged willfulness on the part of Lolcow LLC.

overlaying Fong-Jones' face.

17. On March 2, 2026, Plaintiff replied to Fong-Jones' counsel. A true and correct copy of that letter is attached as Exhibit B.

18. In the March 2, 2026 letter, Plaintiff explained that Lolcow LLC's Terms of Service grant Lolcow LLC a license as to any material uploaded or posted by individuals on its discussion boards.[3] Lolcow LLC therefore claims a license from the individuals who posted the two images.

19. As Lolcow LLC explained to Fong-Jones' counsel, one of the images Fong-Jones complains of is a screenshot of a BlueSky post, and is not itself protected by copyright at all – or at least not any registered copyright held by Fong-Jones. At most, the underlying BlueSky post contains commentary followed by an underlying image ostensibly protected by copyright, followed by more commentary. And even that BlueSky screenshot is itself embedded in more commentary posted by an individual using Lolcow LLC's discussion forum.

20. Additionally, Lolcow LLC explained to Fong-Jones' counsel that the Fair Use doctrine protects Lolcow LLC from any liability for alleged copyright infringement.

21. Specifically, the first image of which Fong-Jones complains is a screenshot of a social media post in which Fong-Jones brags about the visual and/or artistic qualities of a professional headshot. The poster on Lolcow LLC's discussion board criticized not only the underlying headshot, but also Fong-Jones' commentary upon that headshot. Without

---

[3] In Fong-Jones' follow up correspondence attached as Exhibit C, more fully detailed below, Fong-Jones appears to be under the mistaken impression that Lolcow claimed the benefit of BlueSky's Terms of Service. That is incorrect. Lolcow LLC's letter only claimed that it had a license under its own Terms of Service.

7

limitation, the poster doubted Fong-Jones' commentary that the headshot would make others recognize Fong-Jones more easily in public, and responded to Fong-Jones' own comment regarding the appearance of a smile. Additionally, the poster critiqued the lighting in the photograph and the general appearance of Fong-Jones.[4]

22. The second image of which Fong-Jones complains is a cropped and edited version of the Fong-Jones headshot described above, but with text overlaying the image. That text reads "Consent accidents do occasionally happen."

23. To understand the artistic and critical nature of the second image, it is necessary to understand Fong-Jones' past statements as to a "consent accident." Specifically, Fong-Jones made a social media post in which Fong-Jones described "allegations of sexual assault" as a "consent accident." Fong-Jones' own past social media statements are reproduced below:

---

[4] Relevant for purposes of understanding the commentary upon this headshot is that Defendant Fong-Jones was born a male and was formerly known as Elliott Fong-Jones before transitioning to a female gender identity and assuming the name Zhen Elizabeth. Certain individuals, likely including the individual who commented upon Fong-Jones' appearance and the artistic merits of the photograph at issue, take the position that gender identity is assigned at birth and is not subject to change. *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021) (holding that free speech and free exercise rights protect a professor's right to refer to students by other than their preferred pronouns).



24. Fong-Jones' characterization of "allegations of sexual assault" as a "consent accident" is the epitome of newspeak or euphemism and has been universally panned. Indeed, likely because that statement was so universally repudiated, Fong-Jones appears to have swiftly deleted the underlying social media post using that phrase. Commenters have described the "consent accident" euphemism as "a term used by abusers to gaslight victims," and criticized Fong-Jones for deleting the social media posts in which Fong-Jones used that phrase (with more criticism following due to apparent later attempts by Fong-Jones to remove the underlying social media post even from Internet archival resources). https://kiwifarms.st/threads/liz-fong-jones-elliot-william-fong-lizthegrey-honeycomb-io-field-cto.128419/post-20196990 (last visited March 12, 2026).

25. By editing Fong-Jones' image and overlaying the phrase "consent accidents do occasionally happen" on top of a picture that Fong-Jones has characterized as showcasing a smile and happiness, the artist who created the new image not only criticized Fong-Jones personally, but altered the entire message of the original headshot. Whereas the original headshot was described by Fong-Jones as exemplifying professionalism and conveying

9

happiness by way of a smile, the individual who created the altered image conveyed a decidedly darker and different artistic message, juxtaposing a smile with newspeak, implying an ominous message of warning, and using euphemistic language in a way that criticizes what the artist likely saw as a casual view of sexual assault on the part of Fong-Jones.

26. Despite Lolcow LLC's detailed explanation of why the images at issue are not being published in violation of any copyright claimed by Fong-Jones, Defendant sent yet another demand letter to Plaintiff. A true and correct copy of that letter is attached as Exhibit C.

27. In Fong-Jones' second demand letter, Fong-Jones escalated language implying that Lolcow LLC had acted willfully. But Fong-Jones offered no explanation at all for how the first image was protected by any registered copyright, insofar as it is a screenshot of a BlueSky post and only a small portion of that post was an alleged reproduction of another image that was ostensibly protected. Fong-Jones' counsel went on to erroneously claim that Lolcow LLC had attempted to claim the benefit of BlueSky's Terms of Service rather than of its own Terms of Service, and spilled much ink claiming that Lolcow had forfeited the protections of the Digital Millennium Copyright Act by not immediately removing content upon Fong-Jones demand. But Lolcow LLC does not seek to claim the benefits of 17 U.S.C. 512 (providing certain liability protections for service providers). Instead, Lolcow LLC claims it has a license from the original authors of the two images, each of whom are Lolcow LLC users, to reproduce and maintain their original work.

28. To the extent that Fong-Jones replied at all to the substance of Lolcow's claims, Fong-Jones only claimed that the precedents on which Lolcow LLC relies relating to Fair

Use are outdated or have been "materially superseded." That is not so, but even if Fong-Jones were not simply incorrect as a matter of law, Lolcow LLC's reliance on what Fong-Jones chooses to characterize as outdated precedent would be indicative of a good faith dispute rather than evidence of willfulness. In the face of escalating threats and monetary demands on the part of Fong-Jones, including a 5 p.m. March 13 deadline imposed by Fong-Jones' counsel in a subsequent email, Lolcow LLC was forced to come to this Court to seek an adjudication of its good faith legal position, lest Fong-Jones somehow construe Lolcow LLC's failure to seek an immediate judicial resolution as evidence of willful behavior.

## COUNT I
## Declaratory Judgment

29. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. An actual controversy within this Court's jurisdiction exists as between the parties. Specifically, Fong-Jones alleges that Lolcow LLC is liable for infringing the copyrights of two images (or perhaps, for twice infringing the copyright of one image) and Fong-Jones has expressly threatened litigation against Lolcow LLC in two separate letters and also in follow up emails containing additional demands conveyed via Fong-Jones' counsel. Lolcow LLC asserts that Fong-Jones possesses no copyright in the images at issue, or alternatively that reproduction of the images is permitted by Fair Use. Additionally, Lolcow LLC asserts that it has a license from those who use its Internet forum to reproduce user-generated content.

31. Plaintiff asks this Court to enter a judgment declaring that Plaintiff has not violated

any copyright owned by Fong-Jones, and additionally that Lolcow has not behaved willfully or in bad faith as Fong-Jones' counsel alleges.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests this Court:

A. Declare that Plaintiff has not violated any copyright held by Defendant;

B. Declare that Plaintiff's use of any image at issue herein is consistent with Fair Use;

C. Award plaintiff's attorneys any reasonable fees and other litigation costs reasonably incurred pursuant to the inherent authority of the Court and any other applicable law, including but not limited to 17 U.S.C. § 505 and Fed. R. Civ. P. 54 (c); and

D. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 12th day of March 2026,


HARDIN LAW OFFICE

By: /s/Matthew D. Hardin
  Matthew D. Hardin
Attorney Reg. No. 5899596
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: 212-580-4938
Email: MatthewDHardin@gmail.com

*Counsel for Lolcow LLC*