

# Hardin Law Office

Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

March 2, 2026

Lane Haygood, Esq.
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 16th Floor
New York, New York 10019

    Re:    Your letter dated Feb. 26, 2026

Dear Mr. Haygood:

    I am in receipt of your letter dated February 26, 2026, requesting removal of two items from the Kiwi Farms on copyright grounds. I understand you seek removal of the following:

    1. This screenshot, as shown in its surrounding context:



Letter to Lane Haygood
March 2, 2026

2. This image:



Both items constitute fair use under 17 U.S.C. § 107. My client asserts this defense on behalf of its users and on its own behalf pursuant to the non-exclusive, permanent, irrevocable license granted under its Terms of Service, which provides my client the right to use, publish, or re-publish user-submitted content in connection with its Service. All four statutory factors confirm that both uses are lawful.

The first item is a screenshot of a social media post (itself a derivative work) in which the photograph appears embedded within user commentary. The poster critiques both the artistic merit of the photograph and the appearance of your client, noting, *inter alia*, that Fong-Jones is "extremely ugly and will never be a woman" and that the lighting "does not do [Fong-Jones] any favors." The photograph is not reproduced in its original form or to convey its original meaning, but is instead the object of criticism. This is precisely the use contemplated by § 107.

The second image is even more clearly transformative. In it, the user has cropped the photograph and overlaid critical commentary directly onto it, creating an entirely new work with a new message. The overlaid text references your client's own public statement regarding "allegations of sexual assault" and the euphemistic phrase "consent accident." The text refers to your client's public admission that "allegations of sexual assault" were made as to your client's behavior. These public statements are the specific subject matter referenced in the overlaid text, and understanding them is essential to appreciating the critical commentary the user's work conveys.

Letter to Lane Haygood<br>March 2, 2026



*Further context: <https://archive.ph/vDFg0>*

By juxtaposing the subject's smile with the phrase "consent accidents do occasionally happen," the user has created a work that conveys a message fundamentally different from the original photograph. This is textbook transformative use: "shedding light on an earlier work, and, in the process, creating a new one." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994).

Applying the four statutory factors to both of the above images works confirms fair use.

As to the first factor (purpose and character of the use), both works are used for criticism and commentary—purposes expressly enumerated in § 107—and both are transformative. The screenshot embeds the photograph within critical commentary directed at the photograph itself and its subject. The modified image overlays the subject's own public statements onto the photograph, creating an entirely new expressive work with a fundamentally different message.

As to the second factor (nature of the copyrighted work), the underlying work is a professional headshot: a largely factual depiction of its subject's appearance, not a work of high creative expression warranting broad protection. *See Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 23-24 (1st Cir. 2000) (photographs used to depict factual subject matter weigh in favor of fair use under the second factor).

As to the third factor (amount and substantiality used), the use of the full photograph is justified because the works criticize the photograph itself and its subject's appearance therein; one cannot effectively critique a specific image without reproducing it. *See Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 613 (2d Cir. 2006) (copying an entire work does not preclude fair use where the purpose is transformative and the extent of copying is reasonable in relation to the purpose). But it is also not clear that the full image in which you assert a copyright has been used: one of the images is a screenshot of a social media post (itself derivative of the original image), and the other appears to be cropped and has text overlaid upon the image such that the resulting image does not mirror the original.

Letter to Lane Haygood
March 2, 2026

As to the fourth factor (effect on the market), there is no market for licensing this headshot to critics, and neither use supplants the market for the original. Your client freely disseminated the photograph on social media; these uses do not compete with any existing or reasonably anticipated commercial exploitation of the work. *Campbell*, 510 U.S. at 591–92.

All four factors weigh strongly in favor of fair use. Your client's demand for removal is therefore baseless.

Your client has extensive history with the Kiwi Farms, both personally and as a former Field CTO of Honeycomb, including the well-documented "#DropKiwiFarms" and "#EndKiwiFarms" campaigns. This history provides considerable context for the present demand and suggests that it may not be viewed as a good faith attempt to resolve a copyright claim but as a more nefarious element of a broader and legally malicious effort to impair my client's lawful business conduct. We note that 17 U.S.C. § 512(c)(3)(A)(v) requires that a complainant possess a good-faith belief that use of the material is not authorized by the copyright owner, its agent, or the law. Fair use is such authorization. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016). The transformative character of both images at issue (one a screenshot embedded within critical commentary, the other a photograph physically altered with overlaid text conveying an entirely different message) is self-evident. In the event that this matter proceeds to litigation, I note that my client will likely be entitled to substantial recovery under 17 U.S.C. 512 (f) and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Very truly yours,

Matthew D. Hardin