UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOLCOW LLC,                              )
                                        )
            Plaintiff,                   )
                                        )
v.                                      )        Case No. 1:26-cv-2059
                                        )
ZHEN ELIZABETH FONG-JONES,              )
                                        )
            Defendant.                   )

---

**MOTION FOR ALTERNATIVE SERVICE**

---

NOW COMES the Plaintiff, Lolcow LLC, by and through its undersigned counsel, and moves that this Court authorize alternative or substitute service upon the Defendant, Zhen Elizabeth Fong-Jones. In support of this Motion, Plaintiff states as follows:

1.    Plaintiff states that to the best of its information and belief, as more fully set forth below, Defendant Fong-Jones is not currently located in the United States. Fed. R. Civ. P. 4 (f)(3) empowers this Court to allow service of process upon an individual in a foreign country by any means not specifically prohibited by international agreement. Additionally and/or alternatively, Fed. R. Civ. P. 4 (e)(1), by way of incorporating NY CPLR § 308 (5), authorizes service to be accomplished "in such manner as the court, upon motion without notice, directs, if service is impracticable" via other means.

2.    This Court has repeatedly permitted alternative or substitute service under the Fed. R. Civ. P. 4(f)(3). See, e.g., *Paushok v. Ganbold*, 487 F. Supp. 3d 243, 245 (S.D.N.Y. 2020) (email service in Russia, service via U.S. Mail to counsel in the United States), *RSM Prod. Corp. v. Fridman*, 2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. Aug. 10, 2007) (service upon American attorney in lieu of service in Russia). So have the state courts of New York under

1

similar circumstances, using NY CPLR § 308 (5). *Wimbledon Fin. Master Fund, Ltd. v. Laslop*, 2019 NY Slip Op 01311, ¶ 1, 169 A.D.3d 550, 551, 95 N.Y.S.3d 152, 153 (1st Dept.) (upholding electronic service upon an individual who claimed to be located in the Bahamas), *Gupta v. Gupta*, 2024 NY Slip Op 34411(U) (N.Y. Co. Sup. Ct.) (email service in Dubai).

3.  Plaintiff seeks here to serve the Defendant via three methods:

    a.  Via email to Defendant's counsel, Lane Haygood at lhaygood@kusklaw.com;

    b.  Via email to Fong-Jones personally at lizf@honeycomb.io; and

    c.  Via U.S. Mail to Defendant at 9450 SW Gemini Drive, PMB 64524, Beaverton OR 97008.

These methods of service are reasonably calculated to bring this suit to the attention of the Defendant, comport with due process, and are necessary because traditional service is unlikely to be effective, economical, or practicable for the reasons set forth below.

4.  According to public social media posts, Defendant is a world traveler who is unlikely to be served via conventional means. Specifically, Defendant purports to "split my time" between Canada and Australia. Exhibit A. But Defendant is currently in London, England according to a BlueSky post:



Simultaneously, and also according to public social media posts, the Defendant apparently intends to vote in New York's 8th Congressional District:



But Fong-Jones appears to have sold a home in that Congressional District in 2022. Exhibit B. So Fong-Jones currently has no fixed address of which Plaintiff is aware in either Canada, Australia, or New York that can be used to accomplish service of process.

5.    The copyright that is at issue in this case was registered listing Defendant's address as 9450 SW Gemini Drive, PMB 64524, Beaverton OR 97008. Exhibit C. That comports with the address listed on the public documents associated with the sale of a Brooklyn residence associated with Fong-Jones in 2022. Exhibit B. But the Oregon address is not a residential address. It is associated with a virtual mailbox service operated by LegalZoom.

https://www.legalzoom.com/business/business-operations/lz-virtual-mail-overview.html.

6.    There is reason to believe that Lane Haygood of the law firm Kamerman, Uncyk, Soniker, & Klein, P.C. is authorized to represent Fong-Jones in this matter. Specifically, as alleged in the Complaint, Mr. Haygood himself stated that the firm represented Fong-Jones with respect to the copyright at issue. ECF No. 1-1. And Mr. Haygood's law firm is also listed as the agent of Fong-Jones on the registration at the U.S. Copyright Office, although another lawyer at that firm appears by name (Thomas Prince). Exhibit C.

7.    Mr. Haygood was previously eager to engage in correspondence with Lolcow LLC's counsel in this matter. Not only were the exhibits to the Complaint, ECF Nos. 1-1, 1-2, and 1-3, all generated in close temporal proximity and exchanged via email, but Mr. Haygood followed up by email on March 9 and March 11, 2026. In the March 9, 2026 correspondence, Mr. Haygood demanded, on behalf of Fong-Jones, a response not later than "5:00 p.m. Central on Friday, March 13, 2026." In advance of the deadline imposed by Fong-Jones' counsel, Plaintiff filed this action and requested a waiver of service. Exhibit D. At that point, Fong-Jones' counsel suddenly went radio silent. What was previously a very important case on a short time clock has, for reasons unknown to undersigned counsel, apparently become much less urgent. No response at all has been received to the request for a waiver of service, not even an acknowledgement that it was received or a promise for a later substantive answer to the request.

8.    Under Fed. R. Civ. P. 4(f)(3), courts have specifically approved service via email upon individuals in the Australia, Canada, and the United Kingdom. See, e.g., *Platonic Sys. Ltd., Ltd. Liab. Co. v. Jakobsson*, Civil Action No. 24-cv-02569-TPO, 2025 U.S. Dist. LEXIS 273018, at *10 (D. Colo. Dec. 3, 2025) (collecting cases relating to alternative

service in Canada and the United Kingdom), *80sTee.com, Inc. v. Jersey Nation Pty., Ltd*., Civil Action No. 25-cv-01603-STV, 2025 U.S. Dist. LEXIS 159866, at *13 (D. Colo. Aug. 18, 2025) (alternative service in Australia). Because Fong-Jones is very likely in one of these three countries, these cases are instructive.

9. "There is no requirement that a plaintiff 'attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3).'" *I.S.T. N. Am., LLC. v. Trelleborg Pipe Seals Milford Inc*., No. 25-CV-8349 (VSB) (BCM), 2026 U.S. Dist. LEXIS 26590, at *9 (S.D.N.Y. Feb. 5, 2026), citing *S.E.C. v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, 2009 WL 361739, at *4 (collecting cases). However, Plaintiff respectfully submits here that any attempt to effectuate service by requesting letters rogatory through the Hague Convention would be impracticable and unlikely to meet with success. First, it is presently unknown where the Defendant presently is, such that separate letters rogatory might need to be sent to Australia, Canada, and the United Kingdom. But except as to the general cities in which Defendant is located in each of those countries (Sydney, Vancouver, and London), Plaintiff has no address information. So it is likely that expensive investigation would have to be undertaken before the process could even begin for letters rogatory. And because the Defendant is highly mobile, there is every reason to believe that absent immediate service, the Defendant will likely transit to a new international location before any particular method of service can be effectuated. At a minimum, in light of these circumstances, this Court should permit alternative service pursuant to Fed. R. Civ. P. Fed. R. Civ. P. 4 (e)(1)/NY CPLR § 308 (5), because it is impracticable to serve the Defendant via any traditional means.

10. In light of the Defendant's decision to threaten immediate litigation under U.S.

copyright law against a U.S. company, it is imminently fair to serve Defendant with a summons via U.S. mail at the Oregon virtual mailbox that is listed as Fong-Jones' address on the copyright registration for the work that is at issue in this case, and via counsel at the address that Fong-Jones' copyright counsel used to register that same copyright and to contact Plaintiff's attorney.

WHEREFORE, Plaintiff respectfully requests that the Court permit alternative/substitute service as set forth above. A proposed order is attached for the convenience of the Court.

Respectfully submitted this the 18th day of March 2026,

HARDIN LAW OFFICE

By: /s/Matthew D. Hardin
    Matthew D. Hardin
Attorney Reg. No. 5899596
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: 212-680-4938
Email: MatthewDHardin@gmail.com

*Counsel for Lolcow LLC*