**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LOLCOW LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-2059 |
| | ) | |
| ZHEN ELIZABETH FONG-JONES, | ) | |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFF'S UNOPPOSED MOTION**
**FOR AN EXTENSION OF TIME**
**TO MOVE TO QUASH SUBPOENAS**

---

NOW COMES the Plaintiff, Lolcow LLC, by and through its undersigned counsel, and moves for an extension of time respond or to file any Motion to Quash the subpoenas this Court issued at ECF Nos. 13, 15, and 17. In support of this Motion, Plaintiff states as follows:

1. The subpoena issued at ECF No. 13 was received[1] by undersigned counsel via email on March 24, 2026. It called for production on May 4, 2026. The subpoena issued at ECF No. 15 was received via email on March 27, 2026. It called for production on May 4, 2026. The subpoena issued at ECF No. 17 was received via the Court's ECF system, and via no other means, on April 3, 2026. It called for production on May 11, 2026.[2]

---

[1] Lolcow LLC does not concede that receipt via email constitutes proper service, and has expressed its objections to the defense. This Motion is filed in an abundance of caution, and Plaintiff reserves the right to argue that the underlying subpoenas were not properly served or were not directed at the proper party or parties.

[2] In correspondence dated May 1, 2026, defense counsel appears to have at least partially withdrawn a subpoena as it relates to one of Lolcow LLC's subscribers. This withdrawal was under a heading captioned "FRE 408 offer," and Plaintiff therefore is not confident that the withdrawal is final rather than tentative.

1

2.  With respect to each subpoena, undersigned counsel timely responded with written objections on March 30, April 7, and April 13, 2026. In each item of correspondence, undersigned counsel noted that he would be in Manhattan near defense counsel's office from April 27-29, 2026, and would be happy to meet and confer on any of those dates.

3.  No conferral took place. Instead, on May 1, 2026, defense counsel sent correspondence in which Defendant stated that Plaintiff's written objections were deficient. Defendant requested clarified objections not later than May 15, 2026. Defendant also cited *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006), which held, *inter alia*, that "a motion to quash a subpoena must be made prior to the return date of the subpoena."

4.  Plaintiff intends to comply with the defense's request for more fulsome written objections. Plaintiff also intends to confer with the defense after the clarified objections are received on May 15, 2026, to see if the parties can reach an agreement as to the subpoenas or if motions practice will be necessary.

5.  If motions practice becomes necessary, Plaintiff anticipates that it will file a Motion for a Protective Order, or a Motion to Quash, or both. Defendant will likely file a Motion to Compel compliance with the subpoena.

6.  Any Motion to Quash would ordinarily need to be filed prior to the return date of the relevant subpoena, which is May 4, 2026 or May 11, 2026 (depending on which subpoena is at issue). But filing such a Motion before the return date would necessarily be inefficient for both the parties and the Court, because the parties anticipate discussing Plaintiff's objections further both in writing (May 15, 2026) and in a meet and confer (thereafter). Pursuant to Fed. R. Civ. P. 6 (b)(1)(A), this Court can extend any deadline for good cause shown. Plaintiff respectfully submits that the time for filing a Motion to Quash should be extended through and including May 31, 2026,

and that the good cause supporting this request is the need for the parties to more fully confer as to all issues set forth herein and in the correspondence of the parties.

7. Plaintiff inquired of Lane Haygood, defense counsel, as to what the Defendant's position on this request is. The defense indicated that they "will not oppose" this Motion.

WHEREFORE, Plaintiff respectfully requests that the deadline for responding to or moving to quash any extant subpoena in this matter be extended through and including May 31, 2026.

Respectfully submitted this the 1st day of May 2026,

HARDIN LAW OFFICE

By: /s/Matthew D. Hardin
   Matthew D. Hardin
Attorney Reg. No. 5899596
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: 212-680-4938
Email: MatthewDHardin@gmail.com

*Counsel for Lolcow LLC*

3