# HARDIN LAW OFFICE

Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

June 1, 2026

**By ECF and Email**

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:**     *Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF
Pre-Motion Letter Regarding Motion to Quash § 512(h) Subpoenas / Alternative Motion
for Protective Order

Dear Judge Failla:

Plaintiff and subpoena recipient Lolcow LLC ("Lolcow") respectfully submits this letter pursuant to Your Honor's Individual Rule 4(A) and, out of an abundance of caution, Rule 2(C)(ii). This letter is in advance of Lolcow's anticipated Motion to Quash three subpoenas purportedly issued under 17 U.S.C. § 512(h) (ECF Nos. 13, 15, & 17), and alternative Motion for a Protective Order and for Attorneys' Fees. Lolcow anticipates filing this motion on June 7, 2026, the deadline established by the Court's most recent order. ECF No. 24.

As a threshold matter, Lolcow notes a procedural ambiguity in the underlying subpoenas, which has been amplified in recent conferrals between the parties. Your Honor's Individual Rules require pre-motion submissions for "motions concerning discovery," and direct that discovery disputes be raised by three-page letter motion under Rule 2(C)(ii). It is unclear, however, whether a Motion to Quash § 512(h) subpoenas is a "motion concerning discovery." In conferrals, Plaintiff has noticed that even Fong-Jones' counsel will occasionally claim that discovery rules apply, but also that they do not.

Section 512(h) establishes a statutory mechanism for identifying alleged copyright infringers which is independent of the rules that ordinarily govern discovery and appears to be in

Page 1 of 3

at least some tension with those rules. Defendant has at times characterized the subpoenas as DMCA instruments governed by their own procedural rules, and at other times demanded compliance with Rule 34 or other provisions of the Federal Rules governing discovery. Lolcow submits this letter to ensure compliance with the Court's Individual Rules regardless of how that threshold question is resolved.

The parties have conferred extensively. The parties met by videoconference on May 14, 2026, with counsel for Lolcow, counsel for Defendant, and counsel for the non-party Doe subpoena subjects all participating. That conferral did not resolve the dispute. Since then, the parties have exchanged supplemental written objections and correspondence, and the Doe subpoena subjects' counsel has separately appeared and notified all parties that the Does will also be filing a Motion to Quash. The meet-and-confer requirement of Local Civil Rule 37.2 and Your Honor's Individual Rule 2(C)(ii) has been satisfied.

***Nature of the Proposed Motion.*** Lolcow intends to move to quash the three § 512(h) subpoenas, or alternatively for a protective order, on at least the following grounds:

First, the subpoenas far exceed the statutory purpose and scope of § 512(h). Second, service was defective because the subpoenas were served electronically on counsel in a manner not authorized by governing law. Third, the subpoenas seek premature discovery from a party. No Rule 26(f) conference has occurred. Defendant has used § 512(h) to bypass Rule 26(d)(1)'s prohibition on pre-conference discovery and short-circuit the orderly adjudication of this case.

Additionally, the *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), factors weigh decisively against disclosure, and the fair use defense is apparent on the record. The subpoenas target derivative uses of an altered photograph in anonymous critical commentary; this is paradigmatic fair use. *See In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 517–18 (S.D.N.Y. 2022) (quashing § 512(h) subpoena where fair use was apparent).

Letter to Judge Failla
June 1, 2026

Lastly, the subpoenas improperly purport to reach separate legal entities (Mad at the Internet LLC and the United States Internet Preservation Society) through a definitions clause, and impose an undue burden on Lolcow's sole system administrator.

Lolcow will also move, in the alternative, for a protective order under Fed. R. Civ. P. 26(c) and for attorneys' fees under Rule 45(d)(1) or other appropriate provisions.

Lolcow respectfully requests that the Court either:

(a) confirm that a pre-motion conference is not required for this anticipated motion (because it is not a "motion concerning discovery" within the meaning of the Individual Rules);

(b) schedule a pre-motion conference at the Court's earliest convenience so that the motion may proceed within the timeframe established by ECF No. 24; or

(c) extend the timeframe for compliance or motions relating to the underlying subpoenas, as established by ECF No. 24, so that compliance is not required until after a conference has taken place.

Thank you for your consideration of this letter.

Respectfully submitted,


/s/ Matthew D. Hardin
Matthew D. Hardin
*Counsel for Lolcow LLC*


cc:    Lane A. Haygood, Esq. (via ECF)
       Jay M. Wolman, Esq. (via ECF)