

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**3 June 2026**

<u>Via CM/ECF</u>
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

> **Re:**    ***Lolcow LLC v. Fong-Jones***, **Case No. 1:26-cv-02059-KPF**
> **Pre-Motion Letter Regarding Anticipated Motion to Quash § 512(h)**
> **Subpoenas on Behalf of Does One through Seven**

Dear Judge Faila:

I am writing on behalf of my clients, non-parties Does One through Seven ("The Does"), the anonymous users whose identifying information is sought by Defendant's subpoena (ECF Nos. 13 & 15). (The Does respectfully submit this letter, to the extent necessary, pursuant to Your Honor's Individual Rules of Practice 2(C)(ii) and 4(A) in advance of their anticipated Motion to Quash those subpoenas. The Does anticipate filing by June 7, 2026, consistent with the deadline set by the Court's most recent order. ECF No. 24.

As Plaintiff notes (ECF No. 26), It is not clear if this letter is required, but it is submitted out of an abundance of caution.  The meet-and-confer requirement has been satisfied. The parties, including counsel for the Does, conferred by videoconference on May 14, 2026, and have since exchanged written objections and correspondence. That conference did not resolve the dispute. Counsel for the Does has appeared and previously notified the parties and the Court that the Does intend to move to quash. The requirements of Local Civil Rule 37.2 and Your Honor's Individual Rule 2(C)(ii) have therefore been met.

The subpoenas should be quashed.  Defendant is abusing the purpose of 17 U.S.C. § 512(h) in a case where discovery is not authorized under Rule 26(d).  They impose an undue burden on the non-parties who have a First Amendment right to engage in anonymous speech.  The subpoenas are moot as a DMCA subpoena is only permitted for ongoing, actual infringement.

Most significantly, the subpoenas cannot overcome the factors set forth in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), especially where Defendant cannot make any showing of actionable harm.  Each and every one of the claimed infringements is fair use on its face.

Randazza Legal Group
Page 2 of 2



Accordingly, the Does respectfully request that the Court either confirm that no pre-motion conference is required for the anticipated motion or schedule a pre-motion conference and extend the present motion deadline accordingly.

Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman (JW0600)
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776
Email: jmw@randazza.com

Marc Randazza, (*Pro Hac Vice* forthcoming)
RANDAZZA LEGAL GROUP, PLLC
30 Western Ave.
Gloucester, MA 01930
Tel:     702-420-2001
Email:  mjr@randazza.com

Cc:      All Parties via CM/ECF