

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**3 June 2026**



Via CM/ECF
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

> **Re:** ***Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF**
> **Pre-Motion Letter Regarding Anticipated Motion to Quash § 512(h)**
> **Subpoenas on Behalf of Does One through Seven**

Dear Judge Failla:

I am writing on behalf of my clients, non-parties Does One through Seven ("The Does"), the anonymous users whose identifying information is sought by Defendant's subpoena (ECF Nos. 13 & 15).  (The Does respectfully submit this letter, to the extent necessary, pursuant to Your Honor's Individual Rules of Practice 2(C)(ii) and 4(A) in advance of their anticipated Motion to Quash those subpoenas. The Does anticipate filing by June 7, 2026, consistent with the deadline set by the Court's most recent order. ECF No. 24.

As Plaintiff notes (ECF No. 26), It is not clear if this letter is required, but it is submitted out of an abundance of caution.  The meet-and-confer requirement has been satisfied. The parties, including counsel for the Does, conferred by videoconference on May 14, 2026, and have since exchanged written objections and correspondence. That conference did not resolve the dispute. Counsel for the Does has appeared and previously notified the parties and the Court that the Does intend to move to quash. The requirements of Local Civil Rule 37.2 and Your Honor's Individual Rule 2(C)(ii) have therefore been met.

The subpoenas should be quashed.  Defendant is abusing the purpose of 17 U.S.C. § 512(h) in a case where discovery is not authorized under Rule 26(d).  They impose an undue burden on the non-parties who have a First Amendment right to engage in anonymous speech.  The subpoenas are moot as a DMCA subpoena is only permitted for ongoing, actual infringement.

Most significantly, the subpoenas cannot overcome the factors set forth in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), especially where Defendant cannot make any showing of actionable harm.  Each and every one of the claimed infringements is fair use on its face.

100 Pearl Street, 14th Floor, Hartford, Connecticut 06103

jmw@randazza.com | 888.887.1776

Randazza Legal Group
Page 2 of 2



Accordingly, the Does respectfully request that the Court either confirm that no pre-motion conference is required for the anticipated motion or schedule a pre-motion conference and extend the present motion deadline accordingly.

Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman (JW0600)
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (888) 887-1776
Email: jmw@randazza.com

Marc Randazza, (*Pro Hac Vice* forthcoming)
RANDAZZA LEGAL GROUP, PLLC
30 Western Ave.
Gloucester, MA 01930
Tel:      702-420-2001
Email:  mjr@randazza.com

Cc:      All Parties via CM/ECF

The Court has reviewed the precautionary pre-motion letters submitted by Plaintiff and Interested Parties Does 1-7 in advance of their anticipated motions to quash Defendant's subpoenas. (*See* Dkt. #26-27).  The Court appreciates these parties' efforts to comply with its Individual Rules regarding pre-motion conferences, but it does not require such conferences for motions to quash subpoenas.  Accordingly, and consistent with its prior Order adopting the parties' proposed stipulation (Dkt. #24), Plaintiff and Interested Parties Does 1-7 may submit their anticipated motions to quash Defendant's subpoenas on or before **June 7, 2026**.  But because June 7, 2026, is a Sunday, the Court will also accept the motions on **June 8, 2026**.  Further, to avoid confusion, Defendant's response (which should be an omnibus response to both motions) is due on or before **June 22, 2026,** and any replies are due on or before **June 29, 2026**.

In light of this forthcoming motion practice, the Court hereby ADJOURNS *sine die* the initial pretrial conference previously scheduled June 12, 2026.  The Court expects to set a new conference date after resolving the motion to quash briefing.

The Clerk of Court is directed to terminate the pending motion at docket entries 26 and 27.

Dated:    June 3, 2026          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE