# HARDIN LAW OFFICE

Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

June 8, 2026

By ECF

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:**     *Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF
          Letter Motion for Leave to File an Overlength Memorandum of Law

Dear Judge Failla:

Plaintiff and subpoena recipient Lolcow LLC ("Lolcow") respectfully requests leave, under Your Honor's Individual Rule 2.C, to file a memorandum of law in support of its Motion to Quash that modestly exceeds the 8,750-word limit set by Individual Rule 4.B. Lolcow asks that the memorandum be permitted to run up to 9,624 words. Counsel for the Does, Jay Wolman, consents. Defense counsel has not responded to an inquiry requesting the Defendant's position.

Good cause supports this request. Lolcow's motion seeks to quash three related but distinct subpoenas purportedly issued under 17 U.S.C. § 512(h) (ECF Nos. 13, 15, and 17), each of which presents slightly different underlying facts. The motion to quash advances several independent grounds, and each requires separate treatment. Lolcow contends that the subpoenas exceed the statutory purpose of § 512(h), that they are moot as to content already removed, that service was defective, and that the requested production is overbroad and unduly burdensome. Briefing each ground with citation to the governing authorities consumes most of the ordinary word allowance before Lolcow reaches the factual record.

That record is the second reason the additional words are needed. The governing standard for a subpoena that seeks to unmask anonymous speakers turns in part on the purpose behind it. See *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Lolcow's showing on that point rests on a documented pattern of conduct, established through two sworn declarations and a series of contemporaneous communications among counsel. Presenting that evidence fairly, rather than in conclusory fashion, requires a few words beyond the limit. The alternative, splitting the motion or compressing the record, would disserve both the Court and the orderly presentation of the issues.

The request is a modest one. The proposed cap of 9,624 words is comparatively modest in comparison to the complexity of the underlying issues. The memorandum will conform to Rule 4.B in every other respect, including its typeface, margins, and

Page 1 of  2

double-spacing, and it will include a table of contents, a table of authorities, and the word-count certificate that the Rule requires. This is Lolcow's first request to exceed the word limit, and it will not affect any deadline. Lolcow submits the request in connection with the Motion to Quash now due under the Court's most recent scheduling order. See ECF No. 28.

For these reasons, Lolcow respectfully requests that the Court grant leave to file a memorandum of law in support of its Motion to Quash not to exceed 10,000 words. A proposed endorsement is set out below for the Court's convenience.

Respectfully submitted,

/s/ Matthew D. Hardin
Matthew D. Hardin

cc:  All counsel of record (via ECF)

---

The Court has reviewed Plaintiff's unopposed request and it is hereby GRANTED. Plaintiff may file an overlength memorandum of law in support of its Motion to Quash. The memorandum shall otherwise comply with Individual Rule 4.B.

SO ORDERED.

Dated:  _____, 2026          _____
          New York, New York                          HON. KATHERINE POLK FAILLA
                                                       United States District Judge