# HARDIN LAW OFFICE

Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

EXHIBIT

**A**

April 7, 2026

Lane Haygood, Esq.
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 16th Floor
New York, New York 10019

> Re: Subpoena served on March 24, 2026
> *Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF (S.D.N.Y.)

Dear Mr. Haygood:

This letter will convey Lolcow LLC's written objections to the subpoena you served on March 24, 2026. Fed. R. Civ. P. 45 (d)(2)(B). We also invite you to confer regarding this objection. Fed. R. Civ. P. 37 (a)(1). We note that a conferral may not take place solely through the exchange of correspondence. Judge Figueredo's Individual Practices in Civil Cases, § (II)(c)(1).

## I. Introduction

The Complaint was filed in this case on March 12, 2026. ECF No. 1. On March 19, 2026, at your request, I signed a Stipulation extending the deadline for your response through and including June 22, 2026. ECF No. 11. That stipulation was subsequently so-ordered by the Court. *Id.*

Discovery in a civil case does not commence "before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26 (d)(1). Perhaps seeking to evade the ordinary processes, you have sought multiple subpoenas pursuant to 17 U.S.C. § 512 (h). But rather than filing an independent civil action as is universal or near-universal practice, *see e.g. In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 523 (S.D.N.Y. 2022) and *In re DMCA § 512(h) Subpoena to Twitter, Inc.* (N.D. Cal. Case No. 20-mc-80214), you have implicitly acknowledged that you seek discovery in the civil matter captioned *Lolcow LLC v. Fong-Jones*, because you both sought the subpoena in that case and served it upon counsel electronically using the ECF system and service information.[1]

---

[1] To the extent that your subpoena was served electronically in connection with the civil case, it is improper premature discovery. To the extent you intend the subpoena to stand alone and do not want tit to be viewed as an integral part of the extant civil case, it was not properly served pursuant to Fed. R. Civ. P. 45 (b) because I do not serve as Lolcow LLC's registered agent for purposes of service of process and because I have only consented to be served electronically in connection with the civil case.

Letter to Lane Haygood
April 7, 2026

As more fully set forth below, we object to the subpoena because it is an attempt to end-run the ordinary civil discovery process long before any responsive pleadings are due. Additionally, your client has repeatedly taken efforts to "doxx" Lolcow LLC's subscribers for non-copyright purposes and has bragged about doing so on social media. Your client has also bragged about efforts to drive up costs for Lolcow LLC so that it cannot operate its business. The subpoena is likely intended to chill anonymous First Amendment criticism of Fong-Jones rather than to vindicate any proper copyright interest. It should be withdrawn or quashed for these reasons and all the others set forth below.

## II. Fong-Jones' Motivations and History

As you will know, and as I more briefly recounted in my correspondence at ECF No. 1-2, your client has a history with Lolcow LLC. Specifically, your client believes that the speech on Lolcow LLC's website is morally objectionable, and your client has taken repeated efforts to deplatform Lolcow LLC and to interfere in its relationships with service providers. Your client characterized that campaign as "#DropKiwiFarms" or "#EndKiwiFarms" in various social media campaigns. Your client brags that everything should be done to "take down" Lolcow LLC's website, from putting pressure on its upstream providers to filing lawsuits against its customers:



Others have bragged about how effective your client's efforts to deplatform Kiwi Farms and the speech it hosts have been:



And comments on your client's social media posts show that your client's target audience knows the real goal of your client's attacks on speech is to drive up the costs of perceived foes and make it "so difficult, demoralizing and expensive to operate that they can barely sustain themselves":



Your client has also expressly bragged about doxxing one of Lolcow LLC's alleged customers, Kevin Crawley, and getting him fired from his job:



Letter to Lane Haygood
April 7, 2026

It is likely other customers have been similarly "doxxed" by your client. Indeed, your client even created a system by which users could check whether they had been doxed:



Your client has also taken actions to target Lolcow LLC itself. For example, your client expressly bragged about taking actions to ensure that Lolcow LLC's registered agent and virtual mailbox provider dropped Lolcow LLC as a customer:

Letter to Lane Haygood
April 7, 2026



Lolcow LLC expressly moved to West Virginia because your client's actions made it impossible to obtain a registered agent elsewhere and because West Virginia LLCs receive service of process through the Secretary of State. And Lolcow LLC also set up a Post Office Box expressly because it your client made it impossible to obtain any private mailing service.

But your client's main concern has always been to "get K[iwi] F[arms] taken down." That's because Lolcow LLC owns an internet forum, on which posters use anonymous usernames to comment upon and criticize various topics, including your client. Among your client's objectives, your client seeks to "doxx" those internet critics whom your client believes to have objectionable views. This has been a large part of your law firm's business in recent years, and your client has also retained counsel in Australia for this same purpose. But we don't need to rely on statements by lawyers to prove this point, because your client has said so on social media:



Your underlying "DMCA" demand letters, already filed with the Court at ECF Nos. 1-1 and 1-3, show that this lawsuit is part of your client's broader pattern. Your client seeks to remove what your client feels are unflattering or morally objectionable statements from the Internet. That has a tangential connection to copyright law at best. If anything, your client's use of copyright law to silence critics or unmask anonymous speakers is evidence of copyright misuse, not any valid copyright claim. *Coleman v. ESPN, Inc.*, 764 F. Supp. 290, 295 (S.D.N.Y. 1991). Because your client is mis-using copyright law to try to "doxx" those who engage in anonymous speech, your client may even have exposure under New York's anti-SLAPP regime.

## III. Objections

Lolcow, LLC Raises the following objections to your March 24, 2026 subpoena. Lolcow, LLC reserves the right to supplement these objections as new facts become available to it or if conferrals regarding your subpoena provide new perspective on your underlying requests.

**1. Your subpoena seeks to unmask anonymous criticism, which is protected by Fair Use, and should be quashed on that basis.**

To the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity." *Arista Records Ltd. Liab. Co. v. Doe*, 604 F.3d 110, 118 (2d Cir. 2010). If an individual has made "fair use of the copyrighted works, no claim of copyright infringement could plausibly be alleged against him, and the subpoena would not be authorized under the DMCA." *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 518 (S.D.N.Y. 2022)(cleaned up).

Your subpoena arises from two DMCA takedown requests. ECF No. 1-1 and Exhibit A (attached hereto). That request raised concerns about the following images from the following anonymous posters:

a) From 3MMA:



b) From The Mass Shooter Ron Soye:



Letter to Lane Haygood
April 7, 2026

c) From Diggus Bickus:



d) From Sexy Senior Citizen:



e) From Teriyakiburns:



f) From Dread First:



As set forth in my letter filed with the Court at ECF No. 1-2, and especially in light of the information above regarding your client's apparent desire to "doxx" Kiwi Farms' users, the information you seek regarding 3MMA and Sexy Senior Citizen is inarguably Fair Use, and therefore the subpoena should be quashed just as it was in *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d at 509.

The same analysis holds for the remaining images. This is commentary upon either your client's appearance or the photographic quality of the image in which you claim a copyright, as well as generally negative commentary on your client and your client's work. The images are all transformative. None of these images usurp your commercial market. All of them are patently critical in nature. Removing these images is aimed at silencing criticism and doxxing Lolcow LLC's users, and there is therefore no valid DMCA purpose for your subpoena.

**2. Your subpoena contains supposed "definitions" that purport to apply to non-parties to this litigation.**

The subpoena purports to be directed at Lolcow LLC, and this litigation involves Lolcow LLC. But your subpoena purports to define "Kiwi Farms" in such a way that it seeks records held by other entities:

5. "Kiwi Farms" means the website and forum located at http://www.kiwifarms.st, http://www.kiwifarms.net, or any other address registered with the DMCA Service Agent Directory for Lolcow LLC. This will also include any webpages for the United States Internet Preservation Society and/or the podcast "Mad at the Internet," or else as known by their initialisms "USIPS" and/or "MATI."

Mad at the Internet LLC and the United States Internet Preservation Society are separate entities and are not under the control of Lolcow LLC. I am not the DMCA agent or registered agent for the United States Internet Preservation Society, and you have not served them through their agents or directed your subpoena at them. I am the DMCA agent (and only the DMCA agent) for Mad at the Internet LLC, but I

do not serve as their registered agent and am not authorized to accept compulsory process on their behalf. To the extent that your subpoena seeks records held in the custody of these third parties, Lolcow LLC objects and cannot produce the records of third parties.

### 3. Your subpoena violates Fed. R. Civ. P. Fed. R. Civ. P. 26 (d)(1).

Your subpoena is intended to short-circuit the ordinary rules of discovery applicable to civil actions. We have not yet had any Rule 26 conference, and discovery has not yet commenced. To the extent that your subpoena was served electronically in connection with the civil case, it is improper premature discovery. Additionally and/or alternatively, it is disproportionate to the needs of the case at this stage of the proceedings in light of the fact that no responsive pleadings are due until June 22, 2026 and what issues are in dispute is unclear at this early juncture.

### 4. Your subpoena was improperly served and calls for compliance in an improper location.

To the extent you intend the subpoena to stand alone and argue that it does not constitute an attempt at discovery in the case in which it was issued, your subpoena was not properly served pursuant to Fed. R. Civ. P. 45 (b) because I do not serve as Lolcow LLC's registered agent for purposes of service of process and because I have only consented to be served electronically in connection with the civil case. Further, although I am Lolcow LLC's DMCA agent, your subpoena is not a takedown request authorized to be served upon a DMCA agent but is separate compulsory legal process. It must be served pursuant to Fed. R. Civ. P. 45 (b).

Additionally, your subpoena calls for the production of documents in New York City. But Fed. R. Civ. P. 45 (c)(2) states that a subpoena may only command production within 100 miles of where the recipient resides or transacts business. Lolcow LLC is a West Virginia entity which does not regularly transact business in New York, and compelling production in New York is therefore improper.

### 5. Your subpoena is unduly burdensome, and its broad scope renders producing a privilege log equally burdensome or impossible.

Your subpoena purports to call for production of materials in the hands of multiple third parties and even attorneys (Definition #4). Searching for information in the control of third parties is unduly burdensome or even impossible. Searching for such information in a client file is burdensome, and any such material would be protected by the attorney work product privilege or the attorney-client privilege. The subpoena is therefore not reasonably calculated to ascertain any nonprotected information, but can only result in the burdens of searching for records and then preparing a log citing these privileges. And because the apparent scope of what you seek is so broadly defined, a privilege log may well be more voluminous even than the underlying client file, driving up costs without any corresponding elucidation of the issues.

Further, "Transactor Information," as defined in your subpoena, calls for a broad swath of data that is not compiled in any organized form, if at all, such that the subpoena effectively calls for Lolcow, LLC to review its entire financial history over a period of years, manually, to associate any alleged payments with particular users. This drives up costs unnecessarily.

Without waiving any objections as set forth above, to the extent that you can better narrow or identify the documents you seek for which we believe a privilege is applicable, we are prepared to prepare a privilege log as to any documents reasonably in dispute rather than on a wholesale basis. And to the extent that you can better narrow or identify the "transactor information" you seek which is in the custody of Lolcow LLC rather than its attorney, we are prepared to reconsider our position if your subpoena is more narrowly targeted.

## III. Conclusion

Your client cannot obtain a subpoena without first plausibly alleging some underlying act of copyright infringement, and any subpoena unrelated to such a plausible claim should be quashed. *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d at 509. Lolcow LLC objects to your subpoena for that reason and all the others set forth above. To the extent that you maintain a contrary position, we invite you to confer. I note that I will be in Manhattan April 27-29 and I am happy to meet you at your office any of those days. This is well in advance of your proposed subpoena compliance date (May 4, 2026) as well as your responsive pleadings deadline (June 22, 2026), so I trust conferring while I am in town will not delay this matter.

In the event we cannot reach an agreement, we reserve all rights to seek to quash or modify the subpoena, or to seek an appropriate protective order. We also cannot waive the First Amendment rights of the subscribers whose records are being sought in your subpoena, and we note that nothing set forth above should be taken by you as a waiver of the First Amendment rights of either Lolcow LLC or any subscriber.

Very truly yours,

Matthew D. Hardin



**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

COUNSELORS AT LAW

1700 BROADWAY, 16TH FLOOR

NEW YORK, NEW YORK 10019

———

(212) 400-4930

March 20, 2026

**VIA EMAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Matthew Hardin
The Law Office of Matthew D. Hardin, PLLC
101 Rainbow Drive #11506
Livingston, TX 77399
Email: matt@matthewhardin.com

**RE: Removal Request Pursuant to 17 U.S.C. § 512(c)(3)**

Matthew,

As counsel to Zhen Elizabeth Fong-Jones, who holds the copyright to the visual work identified as "Fong-Jones Photo Group 1-1-14962489821" under Registration No. VAu001576006, we are providing you, the DMCA service agent for Lolcow, LLC, the following DMCA removal request pursuant to 17 U.S.C. § 512(c)(3). A copy of the original visual work is available at:

https://kusklaw.sharefile.com/public/share/web-s8f7ac74eb9344bad9a991059b4c38ab8

An unauthorized copy of this work has been published on the Kiwi Farms website at the following URLs by the following users on the following dates:

| | | |
|---|---|---|
| 3/13/2026 | Sexy Senior Citizen | https://kiwifarms.st/threads/liz-fong-jones-elliot-william-fong-lizthegrey-honeycomb-io-field-cto.128419/post-23950891 |
| 3/14/2026 | Diggus Bickus | https://kiwifarms.st/threads/lolcow-llc-v-liz-fong-jones-2026.241189/post-23960137 |
| 3/20/2026 | Teriyakiburns | https://kiwifarms.st/threads/liz-fong-jones-elliot-william-fong-lizthegrey-honeycomb-io-field-cto.128419/post-24011066 |
| 3/20/2026 | Dread First | https://kiwifarms.net/threads/liz-fong-jones-elliot-william-fong-lizthegrey-honeycomb-io-field-cto.128419/post-24007809 |

March 20, 2026
Page 2

   I have a good faith belief that the copy is unauthorized by Ms. Fong-Jones, her agents, or the law, and infringes on Ms. Fong-Jones's copyright, and is not protected by fair use. Please remove this unauthorized and infringing copy of Ms. Fong-Jones's protected work immediately (as well as all other infringing copies). If you have further questions, please contact me by email at lhaygood@kusklaw.com, by phone at 646.845.6085., or by post at the address in the letterhead.

   Under penalty of perjury, I affirm that the information in the foregoing is true and correct to the best of my knowledge and that I am authorized to act on behalf of Elizabeth Fong-Jones, the owner of the exclusive rights which she alleges are infringed.

        Sincerely,
        /s/ Lane Haygood
        Lane A. Haygood
        Kamerman, Uncyk, Soniker & Klein, PC
        1700 Broadway, 16th Floor
        New York, NY 10019
        lhaygood@kusklaw.com