# HARDIN LAW OFFICE



Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

April 13, 2026

Lane Haygood, Esq.
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 16th Floor
New York, New York 10019

> Re:   Subpoena served on March 30, 2026
> *Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF (S.D.N.Y.)

Dear Mr. Haygood:

This letter will convey Lolcow LLC's written objections to the subpoena you served on March 30, 2026. Fed. R. Civ. P. 45 (d)(2)(B). We also invite you to confer regarding this objection. Fed. R. Civ. P. 37 (a)(1). We note that a conferral may not take place solely through the exchange of correspondence. Judge Figueredo's Individual Practices in Civil Cases, § (II)(c)(1).

As in my earlier correspondence by email, given the apparent similarity between numerous subpoenas you have served in this matter, I believe a conferral is likely to be most efficient once we have had the opportunity to review and respond or object to each subpoena, rather than conferring piecemeal.

## I. Introduction

I incorporate by reference my entire letter to you dated April 7, 2026. In that letter, I conveyed written objections to your subpoena dated March 24, 2026. That letter, the facts set forth in it, and all objections to the March 24, 2026 subpoena apply with equal force to the March 30, 2026 subpoena.

In your March 30, 2026 subpoena, you requested information pertaining to the Lolcow LLC subscriber known as "GettrGrifter." Your apparent motivation for sending the March 30, 2026 subpoena is a DMCA takedown notice you sent on March 25, 2026. Exhibit A. In that correspondence, you requested that the following Kiwi Farms post be taken down:



We object to the March 30, 2026 subpoena for the reasons set forth in my April 7, 2026 letter and the reasons set forth below.

## II. Fong-Jones' Continued Attempts to Stifle Anonymous Criticism

Without in any way limiting the foregoing and my incorporation by reference of Lolcow LLC's April 7, 2026 objections, I also note that your pattern, on behalf of your client, has continued. Specifically, you continue to send DMCA subpoenas and takedown requests that are clearly targeted at punishing those who engage in anonymous, critical speech. This pattern has escalated in the days since my April 7, 2026 letter. In one of the most recent – and most egregious – examples of this using the DMCA as a cudgel against anonymous critics rather than for any legitimate purpose, on April 10, 2026, you sent the takedown request which is attached hereto as Exhibit B. In that request, you demanded my client remove the following image:



You swore under penalty of perjury that your client had a copyright claim to the above image. Such a claim is obviously spurious and even indicative of bad faith given that the photograph is altered in its entirety from the photograph in which your client claims a copyright, and is clearly intended as a commentary on your client's behavior both in this litigation (issuing "subpoena[s] to squash dissent") and more generally (characterizing an allegation of sexual assault as a "consent accident").

This latest information, especially taken together with the broader history referenced in my April 7, 2026 letter, shows that your clients' true purpose is not to protect any copyright interest but is instead to punish those who dare to express any criticism.

## III. Objections

While incorporating by reference and in their entirety the objections already conveyed on April 7, 2026 to your earlier subpoena, Lolcow, LLC raises the following

Letter to Lane Haygood
April 13, 2026

objections to your March 30, 2026 subpoena. Lolcow, LLC reserves the right to supplement these objections as new facts become available to it or if conferrals regarding your March 30 subpoena provide new perspective on your underlying requests.

**1. Your subpoena seeks to unmask anonymous criticism, which is protected by Fair Use, and should be quashed on that basis.**

To the extent that anonymity is protected by the First Amendment, "a court should quash or modify a subpoena designed to breach anonymity." *Arista Records Ltd. Liab. Co. v. Doe*, 604 F.3d 110, 118 (2d Cir. 2010). If an individual has made "fair use of the copyrighted works, no claim of copyright infringement could plausibly be alleged against him, and the subpoena would not be authorized under the DMCA." *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 518 (S.D.N.Y. 2022)(cleaned up).

Your March 30 subpoena arises from one DMCA takedown request Exhibit A (attached hereto). That request raised concerns about the following image from an anonymous subscriber known as "GettrGriftr":



As set forth in my letter filed with the Court at ECF No. 1-2, and especially in light of the information regarding your client's apparent desire to "doxx" Kiwi Farms' users, the information you seek regarding "GettrGriftr" arises from that subscribers' Fair Use criticism of any ostensibly copyright-protected work. Because you cannot plausibly state a DMCA claim against GettrGriftr, the DMCA subpoena should be quashed. This Court has already done exactly that in an analogous case. *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d at 509.

The image of your client at issue above is substantially the same with respect to the March 30 subpoena as it was in your earlier subpoena, albeit the surrounding commentary differs slightly. The commentary embedded in the image as well as the surrounding commentary bears upon either your client's appearance or the

photographic quality of the image in which you claim a copyright, as well as generally negative commentary on your client and your client's work. The image is transformative, especially in the context of the surrounding commentary. It does not usurp your client's commercial market. This image and surrounding commentary are patently critical in nature. Removing this image is aimed at silencing criticism and doxxing Lolcow LLC's users, and there is therefore no valid DMCA purpose for your subpoena.

**2. Your subpoena contains supposed "definitions" that purport to apply to non-parties to this litigation.**

Like your earlier subpoena, your March 30, 2026 subpoena purports to be directed at Lolcow LLC, and this litigation involves Lolcow LLC. But your subpoena purports to define "Kiwi Farms" in such a way that the subpoena actually seeks records held by other entities:

5. "Kiwi Farms" means the website and forum located at http://www.kiwifarms.st, http://www.kiwifarms.net, or any other address registered with the DMCA Service Agent Directory for Lolcow LLC. This will also include any webpages for the United States Internet Preservation Society and/or the podcast "Mad at the Internet," or else as known by their initialisms "USIPS" and/or "MATI."

Mad at the Internet LLC and the United States Internet Preservation Society are separate entities and are not under the control of Lolcow LLC. I am not the DMCA agent or registered agent for the United States Internet Preservation Society, and you have not served them through their agents or directed your subpoena at them. I am the DMCA agent (and only the DMCA agent) for Mad at the Internet LLC, but I do not serve as their registered agent and am not authorized to accept compulsory process on their behalf. To the extent that your subpoena seeks records held in the custody of these third parties, Lolcow LLC objects and cannot produce the records of third parties.

**3. Your subpoena violates Fed. R. Civ. P. Fed. R. Civ. P. 26 (d)(1).**

Your subpoena is intended to short-circuit the ordinary rules of discovery applicable to civil actions. We have not yet had any Rule 26 conference in this case, and discovery has not yet commenced. To the extent that your subpoena was served electronically in connection with the civil case, it is improper premature discovery. Additionally and/or alternatively, it is disproportionate to the needs of the case at this stage of the proceedings in light of the fact that no responsive pleadings are due until June 22, 2026 and what issues are in dispute is unclear at this early juncture.

**4. Your subpoena was improperly served and calls for compliance in an improper location.**

To the extent you intend the subpoena to stand alone and argue that it does not constitute an attempt at discovery in the case in which it was issued, your subpoena was not properly served pursuant to Fed. R. Civ. P. 45 (b) because I do not serve as Lolcow LLC's registered agent for purposes of service of process and because I have only consented to be served electronically in connection with the civil case. Further, although I am Lolcow LLC's DMCA agent, your subpoena is not a takedown request authorized to be served upon a DMCA agent. Instead, it is separate compulsory legal process. It must be served pursuant to Fed. R. Civ. P. 45 (b).

Additionally, your subpoena calls for the production of documents in New York City. But Fed. R. Civ. P. 45 (c)(2) states that a subpoena may only command production within 100 miles of where the recipient resides or transacts business. Lolcow LLC is a West Virginia entity which does not regularly transact business in New York, and compelling production in New York is therefore improper.

**5. Your subpoena is unduly burdensome, and its broad scope renders producing a privilege log equally burdensome or impossible.**

Your subpoena purports to call for production of materials in the hands of multiple third parties and even attorneys and agents of attorneys (Definition #4). Searching for information in the control of third parties is unduly burdensome or even impossible. Searching for such information in a client file is burdensome, and any such material would be protected by the attorney work product privilege or the attorney-client privilege. The subpoena is therefore not reasonably calculated to ascertain any nonprotected information, but can only result in the burdens of searching for records and then preparing a log citing these privileges. And because the apparent scope of what you seek is so broadly defined, a privilege log may well be more voluminous even than the underlying client file, driving up costs without any corresponding elucidation of the issues.

Further, "Transactor Information," as defined in your subpoena, calls for a broad swath of data that is not compiled in any organized form, if at all, such that the subpoena effectively calls for Lolcow, LLC to review its entire financial history over a period of years, manually, to associate any alleged payments with particular users. This drives up costs unnecessarily.

Without waiving any objections as set forth above, to the extent that you can better narrow or identify the documents you seek for which we believe a privilege is applicable, we are prepared to prepare a privilege log as to any documents reasonably in dispute rather than on a wholesale basis. And to the extent that you can better narrow or identify the "transactor information" you seek which is in the custody of Lolcow LLC rather than its attorney, we are prepared to reconsider our position if your subpoena is more narrowly targeted.

## IV. Conclusion

Your client cannot obtain a subpoena without first plausibly alleging some underlying act of copyright infringement, and any subpoena unrelated to such a plausible claim should be quashed. *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d at 509. Lolcow LLC objects to your subpoena for that reason and all the others set forth above. To the extent that you maintain a contrary position, we invite you to confer. I note that I will be in Manhattan April 27-29 and I am happy to meet you at your office any of those days. This is well in advance of your proposed subpoena compliance date (May 4, 2026) as well as your responsive pleadings deadline (June 22, 2026), so I trust conferring while I am in town will not delay this matter.

In the event we cannot reach an agreement, we reserve all rights to seek to quash or modify the subpoena, or to seek an appropriate protective order. We also cannot waive the First Amendment rights of the subscribers whose records are being sought in your subpoena, and we note that nothing set forth above should be taken by you as a waiver of the First Amendment rights of either Lolcow LLC or any subscriber.

Very truly yours,

Matthew D. Hardin

Page 6



**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

**COUNSELORS AT LAW**

**1700 BROADWAY, 16TH FLOOR**

**NEW YORK, NEW YORK  10019**

———

**(212) 400-4930**

March 25, 2026

**VIA EMAIL**

Matthew Hardin
The Law Office of Matthew D. Hardin, PLLC
101 Rainbow Drive #11506
Livingston, TX  77399
Email: matt@matthewhardin.com

### RE: Removal Request Pursuant to 17 U.S.C. § 512(c)(3)

Matthew,

I am counsel to Zhen Elizabeth Fong-Jones, who holds the copyright to the visual work identified as "Fong-Jones Photo Group 1-1-14962489821" under Registration No. VAu001576006. A copy of the original is available at:

https://kusklaw.sharefile.com/public/share/web-s8f7ac74eb9344bad9a991059b4c38ab8

An unauthorized copy of this work has been published on the Kiwi Farms website at the following URL[s] posted by user GettrGriftr:

https://kiwifarms.st/threads/liz-fong-jones-elliot-william-fong-lizthegrey-honeycomb-io-field-cto.128419/page-980#post-24020214

I have a good faith belief that the copy is unauthorized by Ms. Fong-Jones, her agents, or the law, and infringes on Ms. Fong-Jones's copyright. Please remove this unauthorized and infringing copy of Ms. Fong-Jones's protected work immediately (as well as all other infringing copies). If you have further questions, please contact me by email at lhaygood@kusklaw.com, by phone at 646.845.6085., or by post at the address in the letterhead.

Under penalty of perjury, I affirm that the information in the foregoing is true and correct to the best of my knowledge and that I am authorized to act on behalf of Elizabeth Fong-Jones, the owner of the exclusive rights which she alleges are infringed.

Sincerely,
/s/ Lane Haygood
Lane A. Haygood
Kamerman, Uncyk, Soniker & Klein, PC
1700 Broadway, 16th Floor
New York, NY 10019
lhaygood@kusklaw.com

**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**
**COUNSELORS AT LAW**
**1700 BROADWAY, 16ᵀᴴ FLOOR**
**NEW YORK, NEW YORK  10019**



**(212) 400-4930**

April 10, 2026

**VIA EMAIL**

Matthew Hardin
The Law Office of Matthew D. Hardin, PLLC
101 Rainbow Drive #11506
Livingston, TX  77399
Email: matt@matthewhardin.com

### RE: Removal Request Pursuant to 17 U.S.C. § 512(c)(3)

Matthew,

I am counsel to Zhen Elizabeth Fong-Jones, who holds the copyright to the visual work identified as "Fong-Jones Photo Group 1-1-14962489821" under Registration No. VAu001576006. A copy of the original is available at:

https://kusklaw.sharefile.com/public/share/web-s8f7ac74eb9344bad9a991059b4c38ab8

An unauthorized copy of this work has been published on the Kiwi Farms website at the following URL[s]:

https://kiwifarms.net/threads/liz-fong-jones-elliot-william-fong-lizthegrey-honeycomb-io-field-cto.128419/post-24071702

I have a good faith belief that the copy is unauthorized by Ms. Fong-Jones, her agents, or the law, and infringes on Ms. Fong-Jones's copyright. Please remove this unauthorized and infringing copy of Ms. Fong-Jones's protected work immediately (as well as all other infringing copies). If you have further questions, please contact me by email at lhaygood@kusklaw.com, by phone at 646.845.6085., or by post at the address in the letterhead.

Under penalty of perjury, I affirm that the information in the foregoing is true and correct to the best of my knowledge and that I am authorized to act on behalf of Elizabeth Fong-Jones, the owner of the exclusive rights which she alleges are infringed.

Sincerely,
/s/ Lane Haygood
Lane A. Haygood
Kamerman, Uncyk, Soniker & Klein, PC
1700 Broadway, 16ᵗʰ Floor
New York, NY 10019
lhaygood@kusklaw.com