# HARDIN LAW OFFICE

EXHIBIT

**C**

Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

April 17, 2026

Lane Haygood, Esq.
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 16th Floor
New York, New York 10019

> Re:    Subpoena issued April 3, 2026
> *Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF (S.D.N.Y.)

Dear Mr. Haygood:

Although it is Lolcow LLC's position that it has never been served with the above-referenced subpoena, and we do not waive any objections we have as to service and reserve all rights, this letter will convey Lolcow LLC's written objections to the subpoena issued by the Court upon your request on April 3, 2026. Fed. R. Civ. P. 45 (d)(2)(B).

**We note that Section IV, below, contains an offer of resolution pursuant to Fed. R. Evid. 408.** We also invite you to confer regarding this objection. Fed. R. Civ. P. 37 (a)(1). We note that a conferral may not take place solely through the exchange of correspondence. Judge Figueredo's Individual Practices in Civil Cases, § (II)(c)(1).

## I. Introduction

I incorporate by reference here the email correspondence I sent you on April 13, in which I specifically noted that we have no record that your office purports to have served the April 3, 2026 subpoena. In that correspondence, I expressly inquired "whether your view is that the… subpoena from April 3, 2026 has been served, and if so by what method and on what date." I have not received any response to that inquiry. Exhibit A.

I also incorporate by reference here my written objections to other subpoenas, which were conveyed to you on April 13, 2026 (relating to a March 30, 2026 subpoena) and April 7, 2026 (relating to a March 24, 2026 subpoena).

## II. The Image in which you claim a copyright.

It appears that your DMCA subpoena pertains to the following post and image:



## III. Objections

Lolcow, LLC Raises the following objections to your April 3, 2026 subpoena. Lolcow, LLC reserves the right to supplement these objections as new facts become available to it or if conferrals regarding your subpoena provide new perspective on your underlying requests.

**1. Your subpoena seeks to unmask anonymous criticism, which is protected by Fair Use, and should be quashed on that basis.**

To the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity." *Arista Records Ltd. Liab. Co. v. Doe*, 604 F.3d 110, 118 (2d Cir. 2010). If an individual has made "fair use of the copyrighted works, no claim of copyright infringement could plausibly be alleged against him, and the subpoena would not be authorized under the DMCA." *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 518 (S.D.N.Y. 2022)(cleaned up).

The underlying image is commentary upon either your client's appearance or intelligence, as well as a pattern of litigation, and is transformative of the original work in which you claim a copyright. It does not usurp your commercial market. It is patently critical in nature. Your subpoena is aimed at silencing criticism and doxxing an anonymous critic, and there is therefore no valid DMCA purpose for your subpoena.

**2. Your subpoena contains supposed "definitions" that purport to apply to non-parties to this litigation.**

The subpoena purports to be directed at Lolcow LLC, and this litigation involves Lolcow LLC. But your subpoena purports to define "Kiwi Farms" in such a way that it seeks records held by other entities:

5.  "Kiwi Farms" means the website and forum located at http://www.kiwifarms.st,

    http://www.kiwifarms.net, or any other address registered with the DMCA Service Agent

    Directory for Lolcow LLC. This will also include any webpages for the United States

    Internet Preservation Society and/or the podcast "Mad at the Internet," or else as known by

    their initialisms "USIPS" and/or "MATI."

Mad at the Internet LLC and the United States Internet Preservation Society are separate entities and are not under the control of Lolcow LLC. I am not the DMCA agent or registered agent for the United States Internet Preservation Society, and you have not served them through their agents or directed your subpoena at them. I am the DMCA agent (and only the DMCA agent) for Mad at the Internet LLC, but I do not serve as their registered agent and am not authorized to accept compulsory process on their behalf. To the extent that your subpoena seeks records held in the custody of these third parties, Lolcow LLC objects and cannot produce the records of third parties.

### 3. Your subpoena violates Fed. R. Civ. P. Fed. R. Civ. P. 26 (d)(1).

Your subpoena is intended to short-circuit the ordinary rules of discovery applicable to civil actions. We have not yet had any Rule 26 conference, and discovery has not yet commenced. To the extent that your subpoena was served electronically in connection with the civil case, it is improper premature discovery. Additionally and/or alternatively, it is disproportionate to the needs of the case at this stage of the proceedings in light of the fact that no responsive pleadings are due until June 22, 2026 and what issues are in dispute is unclear at this early juncture.

### 4. Your subpoena was improperly served and calls for compliance in an improper location.

It does not appear that either my client or I have been "served" with this subpoena at all, unless you assert that the Court's ECF notice constitutes service upon me. We do not waive service or accept that service via ECF alone constitutes valid service.

If your subpoena is intended to seek discovery in the civil case in which it is filed, electronic service might suffice. But the subpoena would then be premature as explained above in a case in which discovery has not yet commenced (or alternatively out of proportion to the present needs of the case).

If you intend for this subpoena to stand alone, however, and argue that it does not constitute an attempt at discovery in the case in which it was issued, your subpoena was not properly served pursuant to Fed. R. Civ. P. 45 (b) because I do not serve as Lolcow LLC's registered agent for purposes of service of process and because I have only consented to be served electronically in connection with the civil case.

Further, although I am Lolcow LLC's DMCA agent, your subpoena is not a takedown request authorized to be served upon a DMCA agent but is separate compulsory legal process. It must be served pursuant to Fed. R. Civ. P. 45 (b).

Additionally, your subpoena calls for the production of documents in New York City. But Fed. R. Civ. P. 45 (c)(2) states that a subpoena may only command production within 100 miles of where the recipient resides or transacts business. Lolcow LLC is a West Virginia entity which does not regularly transact business in New York, and compelling production in New York is therefore improper.

**5. Your subpoena is unduly burdensome, and its broad scope renders producing a privilege log equally burdensome or impossible.**

Your subpoena purports to call for production of materials in the hands of multiple third parties and even attorneys (Definition #4). Searching for information in the control of third parties is unduly burdensome or even impossible. Searching for such information in a client file is burdensome, and any such material would be protected by the attorney work product privilege or the attorney-client privilege. The subpoena is therefore not reasonably calculated to ascertain any nonprotected information, but can only result in the burdens of searching for records and then preparing a log citing these privileges. And because the apparent scope of what you seek is so broadly defined, a privilege log may well be more voluminous even than the underlying client file, driving up costs without any corresponding elucidation of the issues.

Further, "Transactor Information," as defined in your subpoena, calls for a broad swath of data that is not compiled in any organized form, if at all, such that the subpoena effectively calls for Lolcow, LLC to review its entire financial history over a period of years, manually, to associate any alleged payments with particular users. This drives up costs unnecessarily.

Without waiving any objections as set forth above, to the extent that you can better narrow or identify the documents you seek for which we believe a privilege is applicable, we are prepared to prepare a privilege log as to any documents reasonably in dispute rather than on a wholesale basis. And to the extent that you can better narrow or identify the "transactor information" you seek which is in the custody of Lolcow LLC rather than its attorney, we are prepared to reconsider our position if your subpoena is more narrowly targeted.

**IV. Offer of resolution pursuant to Fed. R. Evid. 408.**



## V. Conclusion

Your client cannot obtain a subpoena without first plausibly alleging some underlying act of copyright infringement, and any subpoena unrelated to such a plausible claim should be quashed. *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d at 509. Lolcow LLC objects to your subpoena for that reason and all the others set forth above. To the extent that you maintain a contrary position, we invite you to confer. I note that I will be in Manhattan April 27-29 and I am happy to meet you at your office any of those days. This is well in advance of your proposed subpoena compliance date (May 4, 2026) as well as your responsive pleadings deadline (June 22, 2026), so I trust conferring while I am in town will not delay this matter.

In the event we cannot reach an agreement, we reserve all rights to seek to quash or modify the subpoena, or to seek an appropriate protective order. Nothing set forth above should be taken by you as a waiver of the First Amendment rights of either Lolcow LLC or any subscriber.

Very truly yours,

Matthew D. Hardin

EXHIBIT

A



**From:** **Matthew Hardin** HardinLawPLLC@icloud.com
**Subject:** Re: Activity in Case 1:26-cv-02059-KPF Lolcow LLC v. Fong-Jones Subpoena Issued
**Date:** April 13, 2026 at 8:41 PM
**To:** Lane Haygood lhaygood@kusklaw.com

Good evening,

Even if I assume that the ECF system notification below constitutes service (which, to be clear, I do not), objections to the below subpoena would be due on or before Friday, April 17.

I am in receipt of your request to confer as to the first subpoena (issued March 24, objections served April 7). I suspect you are also now ready to confer on the second subpoena (issued March 30, objections served earlier today). Ideally, I'd like to confer about all extant subpoenas at once rather than piecemeal, because I assume certain issues (or perhaps most or even all issues) overlap. My suggestion would be that we set a date 15 or more days after the final subpoena has been served so that all subpoenas are ripe for discussion and our conferral is most fruitful.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Apr 3, 2026, at 9:06 AM, NYSD_ECF_Pool@nysd.uscourts.gov wrote:

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered on 4/3/2026 at 9:06 AM EDT and filed on 4/2/2026

**Case Name:**     Lolcow LLC v. Fong-Jones
**Case Number:**     1:26-cv-02059-KPF
**Filer:**
**Document Number:** 17

**Docket Text:**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTSOR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION ISSUED.(rro)**

**1:26-cv-02059-KPF Notice has been electronically mailed to:**

Matthew Hardin     matthewdhardin@gmail.com, kiwifarms@recap.email, matthewdhardin@ecf.courtdrive.com, matthewdhardin@protonmail.com

Lane Andrew Haygood     lhaygood@kusklaw.com

**1:26-cv-02059-KPF Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=4/3/2026] [FileNumber=34569650-0
] [b18d4de233b7d29f710e20fe2b9d29b7ac2d6a1c581c62ef6452668cb2058528272
00426be4c8c7f8dd22a5efdab3eba0b3034dcba72e9a779a6f3956c7fb45f]]

The following issues must be resolved as soon as possible. Once they have been resolved, <u>check for upgrades again</u> to confirm.

- The license being used for this installation is no longer valid. Please contact XenForo support immediately.

# Edit user: Nigger Caviar

Banned



EXHIBIT B

User details    Extra    IP addresses    Change log    Permissions

| IP | Total | Earliest | Latest | | |
|---|---|---|---|---|---|
| ███████████ | 1 | Tuesday at 9:04 AM | Tuesday at 9:04 AM | More users | ••• |
| ███████████ | 1 | Apr 5, 2026 | Apr 5, 2026 | More users | ••• |
| ███████████ | 2 | Mar 28, 2026 | Apr 1, 2026 | More users | ••• |
| ███████████ | 1 | Mar 30, 2026 | Mar 30, 2026 | More users | ••• |
| ███████████████████████ | 1 | Mar 30, 2026 | Mar 30, 2026 | More users | ••• |
| ███████████ | 1 | Mar 30, 2026 | Mar 30, 2026 | More users | ••• |
| ███████████████████████ | 1 | Mar 28, 2026 | Mar 28, 2026 | More users | ••• |
| ████████████████████████ | 1 | Mar 28, 2026 | Mar 28, 2026 | More users | ••• |
| ███████████ | 4 | Mar 27, 2026 | Mar 28, 2026 | More users | ••• |
| ███████████ | 1 | Mar 28, 2026 | Mar 28, 2026 | More users | ••• |
| ████████ | 1 | Mar 28, 2026 | Mar 28, 2026 | More users | ••• |
| ███████████ | 13 | Mar 28, 2026 | Mar 28, 2026 | More users | ••• |
| ███████████ | 53 | Mar 27, 2026 | Mar 27, 2026 | More users | ••• |
| ████████ | 3 | Mar 27, 2026 | Mar 27, 2026 | More users | ••• |
| ████████ | 1 | Mar 27, 2026 | Mar 27, 2026 | More users | ••• |
| ███████████ | 3 | Mar 27, 2026 | Mar 27, 2026 | More users | ••• |
| ███████████ | 1 | Mar 27, 2026 | Mar 27, 2026 | More users | ••• |
| ████████████████████████ | 1 | Mar 27, 2026 | Mar 27, 2026 | More users | ••• |

| | | Mar 27, 2026 | Mar 27, 2026 | More users | ⋯ |
|---|---|---|---|---|---|
| ██████████ | 1 | Mar 27, 2026 | Mar 27, 2026 | More users | ⋯ |
| ██████████ | 12 | Mar 26, 2026 | Mar 27, 2026 | More users | ⋯ |
| ██████████ | 2 | Mar 27, 2026 | Mar 27, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 26, 2026 | Mar 26, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 26, 2026 | Mar 26, 2026 | More users | ⋯ |
| ██████████ | 5 | Mar 26, 2026 | Mar 26, 2026 | More users | ⋯ |
| ██████████ | 2 | Mar 26, 2026 | Mar 26, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 26, 2026 | Mar 26, 2026 | More users | ⋯ |
| ██████████ | 3 | Mar 25, 2026 | Mar 26, 2026 | More users | ⋯ |
| ██████ | 1 | Mar 25, 2026 | Mar 25, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 25, 2026 | Mar 25, 2026 | More users | ⋯ |
| ██████████ | 2 | Mar 24, 2026 | Mar 24, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 24, 2026 | Mar 24, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 24, 2026 | Mar 24, 2026 | More users | ⋯ |
| ██████████ | 2 | Mar 24, 2026 | Mar 24, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 23, 2026 | Mar 23, 2026 | More users | ⋯ |
| ██████████ | 2 | Mar 23, 2026 | Mar 23, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 23, 2026 | Mar 23, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 23, 2026 | Mar 23, 2026 | More users | ⋯ |
| ██████████ | 4 | Mar 23, 2026 | Mar 23, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 22, 2026 | Mar 22, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 22, 2026 | Mar 22, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 22, 2026 | Mar 22, 2026 | More users | ⋯ |
| ██████████ | 1 | Mar 22, 2026 | Mar 22, 2026 | More users | ⋯ |

| | 1 | Mar 22, 2026 | Mar 22, 2026 | More users | ••• |
|---|---|---|---|---|---|
| | 1 | Mar 22, 2026 | Mar 22, 2026 | More users | ••• |
| | 2 | Mar 21, 2026 | Mar 21, 2026 | More users | ••• |
| | 1 | Mar 21, 2026 | Mar 21, 2026 | More users | ••• |
| | 1 | Mar 21, 2026 | Mar 21, 2026 | More users | ••• |
| | 1 | Mar 21, 2026 | Mar 21, 2026 | More users | ••• |
| | 2 | Mar 21, 2026 | Mar 21, 2026 | More users | ••• |

The following issues must be resolved as soon as possible. Once they have been resolved, check for upgrades again to confirm.

- The license being used for this installation is no longer valid. Please contact XenForo support immediately.

# Edit user: Nigger Caviar

Banned

User details    Extra    IP addresses    Change log    Permissions

| Field name | Old value | New value |
|---|---|---|
| Nigger Caviar · Edited by Null | | Mar 28, 2026 |
| Secondary user groups | Trusted, Banned, Introduced User, Senior Member, Restriction: No Content Deletion, Restriction: No Title / Username Changes, Trophy: 2024 DarksydePhil | Trusted, Banned, Introduced User, Senior Member, Restriction: No Content Deletion, Restriction: No Title / Username Changes, Trophy: 2024 DarksydePhil, Banned (Visible) |
| Nigger Caviar · Edited by Null | | Mar 28, 2026 |
| Secondary user groups | Trusted, Introduced User, Senior Member, Restriction: No Content Deletion, Restriction: No Title / Username Changes, Trophy: 2024 DarksydePhil | Trusted, Banned, Introduced User, Senior Member, Restriction: No Content Deletion, Restriction: No Title / Username Changes, Trophy: 2024 DarksydePhil |
| Banned | No | Yes |
| Nigger Caviar · Edited by Null | | Mar 28, 2026 |
| Secondary user groups | Trusted, Introduced User, Senior Member, Restriction: No Content Deletion, Trophy: 2024 DarksydePhil | Trusted, Introduced User, Senior Member, Restriction: No Content Deletion, Restriction: No Title / Username Changes, Trophy: 2024 DarksydePhil |
| Nigger Caviar · Edited by Null | | Mar 28, 2026 |
| Secondary user groups | Trusted, Introduced User, Senior Member, Trophy: 2024 DarksydePhil | Trusted, Introduced User, Senior Member, Restriction: No Content Deletion, Trophy: 2024 DarksydePhil |
| Nigger Caviar | | Mar 27, 2026 |
| Avatar date | Jan 18, 2026 at 4:48 PM | Mar 27, 2026 at 11:05 PM |
| Nigger Caviar | | Mar 27, 2026 |
| User state | Awaiting email confirmation (from edit) | Valid |
| Nigger Caviar | | Mar 27, 2026 |

| Field name | Old value | New value |
|---|---|---|
| User state | Valid | Awaiting email confirmation (from edit) |
| Email address | kiwirancher@proton.me | neighborcaviar@proton.me |

### Nigger Caviar · Edited by Null — Mar 26, 2026

| Field name | Old value | New value |
|---|---|---|
| Username | ${Sandy} | Nigger Caviar |

### Nigger Caviar · Edited by Null — Jun 7, 2024

| Field name | Old value | New value |
|---|---|---|
| Username | SandyHooker | ${Sandy} |

### Nigger Caviar · Edited by Null — Oct 26, 2023

| Field name | Old value | New value |
|---|---|---|
| Username | DangDirtyTroll | SandyHooker |

### Nigger Caviar — Feb 22, 2023

| Field name | Old value | New value |
|---|---|---|
| Accepted terms and rules | | Feb 22, 2023 at 2:45 AM |
| Accepted privacy policy | | Feb 22, 2023 at 2:45 AM |

The following issues must be resolved as soon as possible. Once they have been resolved, <u>check for upgrades again</u> to confirm.

- The license being used for this installation is no longer valid. Please contact XenForo support immediately.

# Edit user: Nigger Caviar

Banned

User details    Extra    IP addresses    Change log    Permissions

## Active user upgrades

None

## Connected accounts

None

## authorised_applications

None