**EXHIBIT**

**E**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

LOLCOW, LLC,                              )
                                         )
      Plaintiff,                   )
                                         )
v.                                       )    Case No. 1:26-cv-2059
                                         )
ZHEN ELIZABETH FONG-JONES,               )
                                         )
      Defendant.                   )

### DECLARATION OF KEVIN CRAWLEY

NOW COMES Kevin Crawley, and declares as follows:

1.      I am an adult resident, citizen, and domiciliary of the United States. I am competent to testify to the matters set forth herein based upon my personal knowledge.

2.      I am a software engineer. From approximately March 2023 through December 2024, I was employed as a Staff Software Engineer at Meta, Inc. (formerly Facebook). Before that, I held other positions generally in the technology and software industries.

3.      I am acquainted with Zhen Elizabeth Fong-Jones ("Fong-Jones"), the Defendant in this action. My acquaintance with Fong-Jones arose through our overlapping professional activities in the technology industry. From approximately 2019 through early 2020, I worked as a Senior DevOps Advocate at Instana, an observability startup that competed with Honeycomb.io, where Fong-Jones was (and remains) employed as Field CTO.

4.      Despite working at competing companies, Fong-Jones and I maintained a collegial professional relationship during this period. We attended and spoke at many of the same technology conferences, including SRECon Americas 2019, SRECon Europe 2019,

Velocity Berlin 2019, KubeCon North America 2019, and DevOpsDays Minneapolis 2019. We co-presented a workshop together at SRECon Americas 2019.

5. When I was laid off from Instana during COVID-related reductions in early 2020, Fong-Jones provided me with a professional reference. I thanked her for that reference in a March 31, 2020 message, writing: "hey liz, thank you for reply/retweeting and the wonderful reference - i'm sure it had a part in getting an offer today." I obtained a position at Containo.us in part because of her endorsement.

### KIWI FARMS ACTIVITY AND IDENTIFICATION

6. Fong-Jones, through Katherine Tewson and the law firm Kamerman, Uncyk, Soniker & Klein P.C., has published a report which identifies my name, my home address, and even my immediately family (including minor children). In that report December 2022, Fong Jones alleges that I created an account on the Kiwi Farms website (www.kiwifarms.st) under the pseudonym "Mailfrawd." Fong-Jones further alleges that I posted on the site pseudonymously for approximately two years. Some of my posts concerned Fong-Jones and were critical of Fong-Jones. I understand that Fong-Jones objected to some of these posts.

7. Fong-Jones does not allegege that I ever posted any copyrighted material belonging to Fong-Jones, nor that my alleged posts are relevant for any copyright claim. Instead, even Fong-Jones appears to admit that the underlying posts were written commentary. They did not use any photographs, logos, images, or other copyrighted works owned by Fong-Jones. Fong-Jones's interest in identifying me as the alleged author of these posts had nothing to do with copyright; it arose entirely from the critical nature of my commentary.

## THE KUSK INVESTIGATION

8. In or around November 2024, Fong-Jones publicly alleged that I am the person behind the "Mailfrawd" pseudonym. This identification was the product of a formal investigation conducted on Fong-Jones's behalf by the law firm of Kamerman, Uncyk, Soniker & Klein P.C. ("KUSK") — the same law firm that represents Fong-Jones in this case and that signed the DMCA takedown notices and § 512(h) subpoena applications at issue in this litigation. That firms name is emblazoned on the report.

9. The KUSK investigation was conducted by Kathryn Tewson, a self-styled paralegal and investigator at the firm. I am informed that Ms. Tewson is the same paralegal who participated in the May 14, 2026 meet-and-confer in this case. Ms. Tewson prepared a detailed report titled "Kevin Crawley aka 'Mailfrawd' — Summary of Identity and Activity," which was prepared for Fong-Jones by KUSK. The report was subsequently uploaded to the Internet Archive and is publicly available.

10. Ms. Tewson's report describes how she identified me by analyzing conference speaker lists, cross-referencing personal details I had allegedly disclosed pseudonymously on Kiwi Farms with publicly available information about conference speakers, and matching ten biographical data points (including my child's age, medications, hobbies, employer history, and family details) to narrow the pool to a single candidate. The report explicitly states that it was "Prepared for Liz Fong-Jones" and was produced in connection with the professional relationship between Fong-Jones and KUSK.

## PUBLIC IDENTIFICATION AND CONSEQUENCES

11.    On or about November 18, 2024, Fong-Jones published a LinkedIn post titled "Mailfrawd is Kevin Crawley, Staff Engineer at Meta," publicly associating my real name, employer, and job title with my pseudonymous Kiwi Farms account. On the same date, Fong-Jones posted on Bluesky: "A real-life case study in anonymous internet harassment and insider threat: I must sadly retract my endorsement of Kevin Crawley, as I have recently learned he is a Kiwi Farms member. I believe he may pose a safety risk to his colleagues, or even to his employer."

12.    Following Fong-Jones's public allegations and her characterization of me as a "safety risk," my employment at Meta was terminated in or around December 2024.

13.    On or about December 27, 2024, Fong-Jones posted on LinkedIn that "the Meta employee relations department's investigation into Kevin Crawley has concluded" and that Kevin Crawley "is no longer employed by Meta." Fong-Jones stated: "being a member of Kiwi Farms and engaging in racist and transphobic tirades is bad for one's career."

## RELEVANCE TO THIS LITIGATION

14.    My experience demonstrates several facts relevant to this litigation. First, Fong-Jones uses KUSK — the same firm now seeking § 512(h) subpoenas in this case — to identify anonymous Kiwi Farms users. Second, the KUSK investigation that identified me had nothing to do with copyright. I was not even alleged to have posted any copyrighted material. My posts were alleged to consist entirely of written criticism. The purpose of the Fong-Jones "investigation" was to identify an anonymous critic so that Fong-Jones could take action against that critic in the real world, ultimately causing my employment to be

terminated. Third, after identifying me, Fong-Jones publicly disclosed my name, employer, and job title, and publicly celebrated when I lost my job.

15.    The § 512(h) subpoenas at issue in this case seek identifying information for anonymous Kiwi Farms users. Based on my personal experience, I believe that Fong-Jones's purpose in seeking this information is not to protect any copyright interest but to identify anonymous critics and to take real-world action against them — the same purpose for which Fong-Jones used KUSK to identify me.

16.    The investigator who identified me — Kathryn Tewson — is the same KUSK paralegal who participates in the conferral process in this case. The law firm that prepared the report identifying me is the same law firm that signed the DMCA takedown notices and subpoena applications. The pattern is the same: KUSK investigates anonymous Kiwi Farms users on Fong-Jones's behalf, identifies them, and Fong-Jones uses the information to retaliate against them. Copyright is the pretext, not the purpose.

17.    Further I say nothing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __Jun 5__, 2026.

_Kevin Crawley_

Kevin Crawley