**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LOLCOW LLC,

          Plaintiff,

v.

ZHEN ELIZABETH FONG-JONES,

          Defendant.

Case No. 1:26-cv-02059-KPF

Declaration of Defendant Zhen Elizabeth Fong-Jones in Opposition to Plaintiff's Motion to Quash and for a Preliminary Injunction

I, Zhen Elizabeth Fong-Jones, declare:

1.      I am the Defendant in the above-captioned action. I am over the age of eighteen and have personal knowledge of the facts and events set forth in this declaration, and could and would testify to them competently if called upon to do so.

2.      On May 21, 2025, Zachary Drucker and I executed an assignment of the copyright to the Photographs. I currently hold the copyright to the Photographs under registration number VAu001576006. Attached hereto as **Exhibit 1** is a true and correct copy of the registration certificate for the Photographs.

3.      I originally posted on Twitter the November 2019 thread, including the posts exhibited in ECF 33-11, on November 21, 2019. Since November 2022, I

1

have locked my Twitter account from public view. I have never requested removal of any material from my Twitter account from any archival site. As part of restoring all my Twitter content, I reposted the Thread on BlueSky on January 13, 2025, at https://bsky.app/profile/lizthegrey.com/post/3lfnncdynwk2i. The reposted thread is clearly labeled as "Archived from November 21, 2019."

4.      I have routinely exercised intellectual property rights belonging to or assigned to me, including licensing photographs I have taken to Business Insider so that they can be used in stories about me, granting licences for photographs to conferences and publications featuring my work, and filing DMCA takedowns regarding Telegram and Twitter accounts attempting to impersonate me using the same image I use to identify my accounts.

5.      When I learned that the Protected Image was posted and hosted on Kiwi Farms, I identified each post that contained the image or a derivative work and engaged in a robust and contemplative analysis about the use of each image by each user, including a consideration of each of the four Fair Use factors as I understand them.

6.      That analysis determined that many of the posted variants on the images did, in fact, fall under the protection of fair use. I took no action against these images.

7.   On April 20, 2026 I executed a settlement agreement with Mr. Caviar, releasing him from all claims and promising to hold his identifying information as "Confidential – Attorneys' Eyes Only." This settlement agreement did not have a non-disparagement clause.

8.   I remain open to executing similar agreements with the Doe Users, although any such agreement would now require reimbursement of the attorney fees the Doe Users have caused me to incur.

9.   I employed the firm of Kamerman, Uncyk, Soniker & Klein, P.C., to assist me in protecting my intellectual property rights. Pursuant to that engagement, we sent proper DMCA takedown notices to Lolcow LLC through its registered DMCA agent Matthew Hardin.

10.   On or about March 12, 2026, in response to my takedown notices, Lolcow sued me in the Southern District of New York, requiring my employment of my attorneys to shift from one of intellectual property protection to one of litigation, causing me to incur substantially more costs than initially laid out.

Executed on the 21st day of June, 2026.

/s/ Zhen Elizabeth Fong-Jones
Zhen Elizabeth Fong-Jones

3