**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOLCOW LLC, | Case No. 1:26-cv-02059-KPF |
| Plaintiff, | DECLARATION OF LANE HAYGOOD IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR A PRELIMINARY INJUNCTION |
| v. | |
| ZHEN ELIZABETH FONG-JONES, | |
| Defendant. | |

I, Lane A. Haygood, hereby declare as follows:

1.      I am an attorney admitted to practice in the State of New York and a member of the law firm Kamerman, Uncyk, Soniker & Klein, P.C., counsel of record for Defendant Zhen Elizabeth Fong-Jones in the above-captioned action. I make this declaration based upon my personal knowledge and, if called to testify, could and would testify competently to the facts set forth herein. I submit this declaration in opposition to the pending motions to quash filed by Plaintiff Lolcow LLC (D.I. 30) and the Doe Users (D.I. 31).

2.      On May 14, 2026, I participated in a meet-and-confer conference via Microsoft Teams with counsel for Plaintiff Lolcow LLC and counsel for the Doe Subpoena Subjects. The conference took place on the same date as my appearance in oral argument in Barrera v. State before the Court of Criminal Appeals in Austin, Texas, and I participated while driving home from Austin following that argument. The following persons were present: Matthew D. Hardin, counsel for Plaintiff Lolcow LLC; Jay M. Wolman and Marc J. Randazza of Randazza Legal Group, PLLC, counsel for the Doe Subpoena Subjects; and Kathryn Tewson, paralegal at Kamerman, Uncyk, Soniker & Klein, P.C., in addition to myself.

1

3.      At the outset of the conference, all participants expressly acknowledged that the discussion was being conducted on a confidential, without-prejudice basis for the purpose of attempting to resolve the disputes regarding the subpoenas without the need for further litigation. Marc J. Randazza further requested, and all participants agreed, that an even higher degree of confidentiality would govern the discussion—specifically, that the communications would be treated as subject to what Mr. Randazza characterized as "Omerta rules," indicating a mutual commitment to strict confidentiality beyond the baseline protections of Federal Rule of Evidence 408. All participants, including Mr. Hardin, Mr. Wolman, and Ms. Tewson, acknowledged this agreement. The comment was received with good humor by all present. Accordingly, and as set forth in the opposition brief, the parties expressly agreed that the substance of the conference communications would not be used in motion practice or otherwise disclosed in connection with this litigation, and Lolcow LLC's reliance on the substance of those communications in its motion papers is inconsistent with that agreement.

4.      During the conference, I informed the participants that one Kiwi Farms user, whose username contains a racial slur that I decline to reproduce in full, had already independently reached out to Ms. Fong-Jones's counsel, signed a declaration admitting that he posted copyrighted material without permission and, upon being notified under Section 512, removed his post. In discussions toward resolution of the claims against that user, he provided a declaration that Joshua Moon "declined to remove the posts" and that Moon informed him that Ms. Fong-Jones intended to "ruin his life" or otherwise "turn against the forum." Ms. Fong-Jones's settlement with that user included a full and unconditional release, and the only limitation imposed on the user's future behavior was his agreement not to make further unlicensed use of Ms. Fong-Jones's intellectual property; the content of his commentary on Ms. Fong-Jones, should he choose to continue to

engage in it, remained unrestricted by anything beyond applicable law. Upon speaking with us, this user was derided by Moon as a "rat" and banned from the forum. I informed all counsel present that we would be willing to make similar settlement offers to any of the Doe Subpoena Subjects represented by Mr. Wolman or Mr. Randazza who wished to engage on similar terms.

5.    I expressly stated during the conference that it was not the intent or purpose of the subpoenas, or of Ms. Fong-Jones's exercise of her copyright rights, to quell or suppress any criticism of Ms. Fong-Jones, provided that such criticism did not infringe her registered copyrights, and made clear to them that the settlement with the prior user expressly provided as much. I made clear that Ms. Fong-Jones's copyright interest is limited to the specific registered work at issue, and that we had no interest in using the subpoena process to identify and suppress anonymous speech that does not infringe that work.

6.    I also noted during the conference that this action was filed by Lolcow LLC against Ms. Fong-Jones, not the other way around, and that any fair use analysis in this litigation, including the question of transformative purpose, would likely require testimony or evidence from the Doe Users themselves, since their subjective intent and purpose in posting the allegedly infringing content is directly relevant to the fair use inquiry under 17 U.S.C. § 107.

7.    The participants reached a tentative understanding during the conference that the actual legal identities of the Doe Users were not necessarily required to be disclosed to the general public or to Ms. Fong-Jones directly. All participants agreed that any identifying information produced in response to the subpoenas could be designated as "Attorneys' Eyes Only" under an appropriate protective order, and that we would agree to a protective order limiting the use of any such information solely to legal proceedings relating to Ms. Fong-Jones's intellectual property rights.

3

8.      I also reaffirmed during the conference the statements made by Ms. Fong-Jones in her Section 512(h) declarations: that the sole purpose of these subpoenas is to protect Ms. Fong-Jones's rights under Title 17 of the United States Code, not to identify Kiwi Farms users for any other purpose, to broadcast their identities to the public, or to use that information outside of the present litigation in which Ms. Fong-Jones is a defendant, not a plaintiff.

9.      The characterization of the May 14 conference in Lolcow LLC's motion papers (specifically, the assertion that I stated the Doe Users were "witnesses" rather than alleged infringers for purposes of Section 512(h)) does not accurately reflect the substance of the discussion. The conference was a confidential settlement discussion in which I explored various procedural frameworks for potential resolution of the dispute over the subpoenas. Any statements made in that context were made in the spirit of exploring potential compromise. They had nothing at all to do with the statutory basis for the subpoenas. As of the filing of this response, the offers have not been accepted and are considered rejected.

10.      Attached hereto as **Exhibit 1** is a true and correct copy of Copyright registration number VAU001576006/2025-08-25 consisting of a registration of eight photographs by my client, Zhen Elizabeth Fong-Jones.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: June 22, 2026
Odessa, Texas



_____
**Lane A. Haygood**


4