**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LOLCOW LLC,
Plaintiff

Case No. 1:26-cv-02059-KPF

v.

ZHEN ELIZABETH FONG-JONES
Defendant

**ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS**

Defendant Zhen Elizabeth Fong-Jones ("Fong-Jones" or "Defendant"), by and through her undersigned counsel, answers the Complaint of Plaintiff Lolcow LLC ("Lolcow" or "Plaintiff") as follows. Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint. The headings and footnotes in the Complaint are reproduced or referenced for convenience only; to the extent any heading or footnote is deemed to contain an allegation, it is denied.

## ANSWER

1. Defendant admits that the Complaint purports to assert a claim for declaratory judgment under 28 U.S.C. § 2201, and admits that her counsel sent pre-suit correspondence to Plaintiff concerning the infringement of Defendant's copyright, two items of which were transmitted from the New York offices of Kamerman, Uncyk, Soniker & Klein, P.C. Defendant denies that she has "misus[ed] copyright law" or sought to remove "biting criticism" from the Internet, denies the characterizations of and legal conclusions drawn from *Fisher v. Dees*, 794 F.2d 432 (9th Cir. 1986) and *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994), and denies the remaining allegations of Paragraph 1.

2. Defendant admits that her counsel sent email correspondence to Plaintiff's counsel, including correspondence dated March 9, 2026, that referenced a response deadline, and respectfully refers the Court to that correspondence for its true and complete contents. Defendant denies Plaintiff's characterizations of that correspondence, denies that she demanded that Plaintiff "capitulate entirely," denies advancing any "false narrative," and denies the remaining allegations of Paragraph 2.

3. Paragraph 3 sets forth legal conclusions and Plaintiff's contentions regarding the merits, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 3, admits that she holds the rights to publication of the copyrighted work at issue, and denies that the reproductions at issue constitute fair use.

4. Defendant admits that her counsel communicated demands that Plaintiff cease infringing Defendant's copyright and compensate Defendant for that infringement. Defendant denies that her accusations are "false" or made in bad faith, denies the

1

characterization of her communications as improperly "aggressive," and denies the remaining allegations of Paragraph 4.

5.  Defendant denies knowledge and information sufficient to confirm the truth or falsity of the allegation that Lolcow LLC is a limited liability company organized under the laws of West Virginia, that it owns and operates the Internet forum known as Kiwi Farms, and that Joshua Moon is its sole member and an adult resident and domiciliary of the State of Florida.

6.  Defendant admits that Lolcow has designated an agent under the Digital Millennium Copyright Act, and that the agent identified in the Copyright Office's Directory is Matthew D. Hardin. Defendant respectfully refers the Court to the Directory for its true and complete contents.

7.  Defendant denies knowledge and information sufficient to confirm the truth or falsity of the allegation that Plaintiff conducts its business primarily online and routes a substantial portion of its Internet traffic through New York City, including through 60 Hudson Street. Defendant lacks knowledge or information sufficient to form a belief as to the precise percentage of traffic so routed and as to the remaining technical allegations of Paragraph 7. Plaintiff is bound by its own allegations.

8.  Defendant is an adult who maintains her voter registration at an address in New York City. Defendant admits that she has publicly advocated for accountability for, and the deplatforming of, Kiwi Farms, a forum that has been widely reported to host the harassment and doxing of Defendant and others. Defendant denies that her residence was "unknown" to Plaintiff, which served her through counsel and by mail. Defendant denies the pejorative characterization of her advocacy and denies the remaining allegations of Paragraph 8.

9.  Defendant admits that she has retained Kamerman, Uncyk, Soniker & Klein, P.C. (KUSK Law) in connection with this matter and that correspondence concerning her copyright was sent from that firm's New York office.

10. Paragraph 10 sets forth legal conclusions, including as to "purposeful availment," to which no response is required. To the extent a response is required, Defendant admits that she has retained the KUSK firm and denies the remaining allegations and characterizations of Paragraph 10, including the assertions concerning the scope, nature, and purpose of any "campaign."

11. Paragraph 11 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction over this action and that, for purposes of this action and her Counterclaims, this Court may properly exercise personal jurisdiction over her. Defendant denies the characterization of her contacts as "sprawling" and denies the remaining allegations of Paragraph 11.

12. Paragraph 12 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter

jurisdiction and admits that the amount in controversy exceeds $75,000. Defendant denies that any of her correspondence "valued" this dispute or conceded willfulness, denies the argument and characterizations set forth in footnotes 1 and 2, and otherwise denies the allegations of Paragraph 12.

13. Paragraph 13 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest that venue is proper in this District for purposes of this action and her Counterclaims and denies the remaining allegations and characterizations of Paragraph 13.

14. Paragraph 14 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest that venue is proper in this District, admits that her counsel transmitted correspondence from the KUSK firm's New York office, and otherwise denies the allegations of Paragraph 14, including for the reasons stated in response to Paragraph 7.

## FACTUAL ALLEGATIONS

15. Defendant admits that her counsel sent a demand letter dated February 26, 2026, advising Plaintiff that two reproductions of a work protected by Defendant's copyright were present on Plaintiff's website, and respectfully refers the Court to that letter (ECF 1A) for its true and complete contents. Defendant denies any characterization inconsistent with the letter.

16. Defendant admits that two images reproducing her copyrighted photograph appear on Kiwi Farms; that one is a screenshot in which the photograph is reproduced; and that the other is a cropped and/or altered version of the photograph bearing overlaid text. Defendant admits that the images were initially uploaded by users of Plaintiff's forum, but denies that this absolves Plaintiff, which itself reproduces, stores, publicly displays, and distributes the images on and through its own servers and which affirmatively claims a license to do so. Defendant denies the remaining allegations of Paragraph 16.

17. Defendant admits that Plaintiff's counsel sent a letter dated March 2, 2026, and respectfully refers the Court to that letter (ECF 1B) for its true and complete contents. Defendant denies any characterization inconsistent with the letter.

18. Defendant admits that, in its March 2, 2026, letter, Plaintiff asserted that its Terms of Service grant it a license to user-submitted content. Defendant denies that any such license is valid, enforceable, or applicable to the conduct at issue, denies that any such license defeats infringement, and states that Plaintiff's assertion of such a license is an admission that Plaintiff itself exercises the exclusive rights reserved to Defendant under 17 U.S.C. § 106. Defendant denies the remaining allegations of Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the screenshot reproduction falls outside her registered copyright, denies that the image "is not itself protected by copyright at

3

all," and denies the remaining allegations of Paragraph 19. Defendant respectfully refers the Court to the correspondence referenced therein for its true and complete contents.

20.    Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that the Fair Use doctrine protects Plaintiff from liability.

21.    Defendant admits that the post described in Paragraph 21 contains derogatory commentary directed at Defendant personally and respectfully refers the Court to the post for its true and complete contents. Defendant denies that the reproduction constitutes criticism or commentary directed at the copyrighted work itself, denies that the use is transformative or otherwise protected by 17 U.S.C. § 107, and denies the remaining allegations and characterizations of Paragraph 21.

22.    Defendant admits that the second image is a cropped and altered version of her copyrighted photograph bearing overlaid text and respectfully refers the Court to the image for its true and complete contents. Defendant denies the characterizations of Paragraph 22 and denies that the alteration renders the use non-infringing.

23.    Defendant denies the allegations and characterizations of Paragraph 23, which mischaracterize Defendant's statements and which are immaterial, impertinent, and scandalous. Defendant further states that Paragraph 23 and the associated material are interposed to harass and embarrass Defendant rather than to address any matter properly before the Court, and Defendant expressly reserves the right to move to strike pursuant to Fed. R. Civ. P. 12(f).

24.    Defendant denies the allegations and characterizations of Paragraph 24, which are immaterial, impertinent, and scandalous, and incorporates her response to Paragraph 23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified third-party "commenters" and on that basis denies them. Defendant respectfully refers the Court to the referenced material for its true and complete contents.

25.    Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the altered image is transformative or otherwise protected by 17 U.S.C. § 107, and denies the remaining allegations of Paragraph 25.

26.    Defendant admits that her counsel sent a further demand letter, and respectfully refers the Court to that letter (Plaintiff's Exhibit C) for its true and complete contents. Defendant denies any characterization inconsistent with the letter and denies the remaining allegations of Paragraph 26.

27.    Defendant admits that her counsel's correspondence addressed Plaintiff's willfulness, the invalidity of Plaintiff's claimed license, and Plaintiff's forfeiture of the safe harbor under 17 U.S.C. § 512 and respectfully refers the Court to that correspondence for its true and complete contents. Defendant denies that she "offered no explanation" as to

the first image, denies Plaintiff's characterizations, and denies the remaining allegations and legal conclusions of Paragraph 27. See Declaration of Lane A. Haygood, Exhibit A (email to opposing counsel of March 11, 2026).

28. Defendant admits that her counsel explained that the authorities on which Plaintiff relies have been materially affected by *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023), and respectfully refers the Court to the correspondence for its true and complete contents. Defendant denies Plaintiff's characterizations and denies the remaining allegations and legal conclusions of Paragraph 28.

## COUNT I — DECLARATORY JUDGMENT

29. Defendant repeats and incorporates by reference her responses to Paragraphs 1 through 28 as if fully set forth herein.

30. Defendant denies that an actual, justiciable controversy exists between the parties concerning whether Plaintiff has infringed Defendant's copyright; Plaintiff plainly has done so and admits to doing so. Defendant denies that Plaintiff possesses any license, denies that the reproductions are protected by Fair Use, denies that Defendant lacks a copyright in the works at issue, and denies the remaining allegations of Paragraph 30.

31. Defendant admits that Plaintiff seeks the declaratory relief described in Paragraph 31 but denies that Plaintiff is entitled to that relief or to any relief whatsoever and further denies the remaining allegations of Paragraph 31.

Responding to the unnumbered "Prayer for Relief" paragraph and its subparts (A) through (D), Defendant denies that Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

Defendant denies each and every allegation of the Complaint not expressly admitted herein.

# AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof she would not otherwise bear, and reserving the right to amend or supplement these defenses as discovery proceeds, Defendant asserts the following defenses:

## FIRST DEFENSE (Failure to State a Claim)

The Complaint fails to state a claim upon which declaratory relief may be granted. Specifically, Plaintiff seeks a declaration that Defendant "possesses no copyright in the images at issue" or in the alternative that Defendant "reproduction of the images is permitted by Fair Use [sic]." Declaratory judgment is only proper on the alternative relief. *See Warhol*, 598 U.S. 508, 508-09 (2023).

### SECOND DEFENSE (No Entitlement to a Declaration of Non-Infringement)

Plaintiff is not entitled to a declaration of non-infringement because Plaintiff reproduces, publicly displays, and distributes Defendant's copyrighted work without authorization, and because the reproductions at issue are not protected by fair use under 17 U.S.C. § 107. The uses reproduce Defendant's photograph to depict its subject—the original purpose of the work—and are not transformative under *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023).

### THIRD DEFENSE (No Valid License)

Plaintiff's claimed license under its Terms of Service is invalid, unenforceable, and inapplicable to the conduct at issue, and does not authorize Plaintiff's reproduction, display, or distribution of Defendant's copyrighted work.

### FOURTH DEFENSE (Forfeiture / Inapplicability of the DMCA Safe Harbor)

To the extent Plaintiff relies upon the safe harbor of 17 U.S.C. § 512, Plaintiff has forfeited and cannot invoke that protection, having failed to expeditiously remove or disable access to the infringing material upon receipt of Defendant's notification and in the absence of any valid counter-notification.

### FIFTH DEFENSE (Discretionary Dismissal of an Anticipatory Filing)

The Court should decline to entertain this declaratory judgment action in the exercise of its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201. The action is an improper anticipatory filing and an exercise in procedural fencing, commenced on the eve of an anticipated infringement suit in order to deprive Defendant, the natural plaintiff, of her choice of forum and to preempt her copyright claims.

### SIXTH DEFENSE (Reservation of Rights)

Defendant has not knowingly or intentionally waived any applicable defense and reserves the right to assert additional defenses that become available or apparent during the course of this action.

# COUNTERCLAIMS

Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones ("Fong-Jones"), by and through her undersigned counsel, for her Counterclaims against Counterclaim-Defendant Lolcow LLC ("Lolcow"), alleges as follows:

### NATURE OF THE COUNTERCLAIMS

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Lolcow owns and operates the Internet forum known as Kiwi Farms, on and through which it has reproduced, publicly displayed, and distributed—and continues to reproduce, publicly display, and distribute—a professional

photographic portrait in which Fong-Jones holds the registered copyright, without authorization and over Fong-Jones's express objection.

2. These Counterclaims arise out of the same transaction and occurrence that is the subject matter of Lolcow's Complaint and are compulsory under Fed. R. Civ. P. 13(a).

## THE PARTIES

3. Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones is an individual and is the owner of the copyright in the work at issue. Counterclaim-Plaintiff is a citizen of the United States and a resident of Australia and Canada.

4. Counterclaim-Defendant Lolcow LLC is a limited liability company organized under the laws of the State of West Virginia, with its sole member, Joshua Moon, a resident and domiciliary of the State of Florida. Lolcow owns and operates Kiwi Farms and does business as Kiwi Farms.

5. Joshua Moon is a resident of the State of Florida and has consented to jurisdiction in this Court via the filing of this lawsuit.

6. For purposes of this action, Lolcow and Joshua Moon are the same party under a theory of alter ego/piercing the corporate veil.

7. Doe 1 (3MMA), Doe 2 (Sexy Senior Citizen), Doe 3 (Diggus Bickus), Doe 4 (Teriyakiburns), Doe 5 (Dread First), Doe 6 (The Mass Shooter Ron Soye), and Doe 7 (GettrGrifter) are individuals unknown to Counterclaim-Plaintiff who are registered users of Counterclaim-Defendant Lolcow, LLC, and are the subject of pending 17 U.S.C. § 512(h) subpoenas, and are Counterclaim-Defendants herein. They may be served, at this stage of the litigation, through their counsel of record, Jay M. Wolman, who has made a general appearance on their behalf in this litigation.

8. Does 8 (lollardy), Doe 9 (NoNe7), Doe 10 (Taquito) are users who have had content removed under the DMCA by Lolcow and Joshua Moon, but for whom the 17 U.S.C. § 512(h) subpoena process has been stayed pending the outcome of the present motions to quash.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), because they arise under the Copyright Act. The Court additionally has jurisdiction pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13(a).

10. This Court has personal jurisdiction over Lolcow, which commenced this action in this District and thereby submitted to the jurisdiction of this Court.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Lolcow commenced this action in this District, and a substantial part of the events giving rise to these Counterclaims, including the routing of Lolcow's Internet traffic and the

consequent reproduction and display of the infringing material, occurred in this District according to Lolcow's own allegations.

## FACTUAL ALLEGATIONS

12. The work at issue is a professional photographic portrait of Fong-Jones (the "Work"), created in 2025 by the professional photographer Zackary Drucker through deliberate creative choices including lighting, composition, framing, and subject direction.

13. Fong-Jones is the owner, by assignment, of the copyright in the Work and of the exclusive rights therein, including the rights of reproduction, public display, distribution, and preparation of derivative works under 17 U.S.C. § 106.

14. The Work is registered with the United States Copyright Office. The Work is included within the group of unpublished photographs registered under Registration No. VAu 1-576-006, with an effective date of registration of August 25, 2025, naming Zackary Drucker as author and Fong-Jones as copyright claimant by assignment.

15. Lolcow has reproduced, stored, publicly displayed, and distributed the Work on and through Kiwi Farms in two forms: (a) a screenshot in which the Work is reproduced in full or in substantial part; and (b) various cropped and/or altered version[s] of the Work bearing overlaid text (collectively, the "Infringing Material").

16. Lolcow does not merely passively host the Infringing Material. Lolcow stores the Infringing Material on its own servers and transmits and publicly displays it to users, including, according to Lolcow's own allegations, by routing a substantial portion of its traffic through New York. Lolcow further affirmatively claims a license, under its Terms of Service, to use, publish, and re-publish the Infringing Material, thereby exercising the exclusive rights reserved to Fong-Jones under 17 U.S.C. § 106.

17. On February 26, 2026, Fong-Jones, through counsel, served a notification pursuant to 17 U.S.C. § 512(c)(3) upon Lolcow's designated agent, identifying the Work and the Infringing Material and demanding its removal.

18. Lolcow initially refused to remove or disable access to the Infringing Material. Through counsel, in correspondence dated March 2, 2026, and thereafter, Lolcow asserted that it would not remove the Infringing Material and claimed a license and fair use. Lolcow has not filed any counter-notification under 17 U.S.C. § 512(g). Furthermore, Lolcow now falsely claims that the infringing material is no longer available, but all infringing material can be accessed in a number of ways (see ECF 42-1).

19. Lolcow's reproduction, display, and distribution of the Infringing Material is not authorized by Fong-Jones, her agents, or the law, and is not protected by fair use. The Infringing Material reproduces the Work to depict its subject, which is the original purpose of a portrait photograph, and is not transformative under Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508 (2023).

20. Lolcow's infringement is willful. Lolcow received Fong-Jones's notification, was advised in detail of the basis for the infringement claim, and made a considered decision to continue reproducing, displaying, and distributing the Infringing Material.

21. As a direct and proximate result of Lolcow's infringement, Fong-Jones has suffered and continues to suffer injury, and Lolcow has profited from its unauthorized exploitation of the Work.

22. The Doe Users are users of Plaintiff's interactive forum, with the usernames as stated in paragraph 5, and have used those usernames at all times and places relevant to these counterclaims.

23. Doe 1 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about February 22, 2026.

24. Doe 2 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 13, 2026.

25. Doe 3 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 14, 2026.

26. Doe 4 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 20, 2026.

27. Doe 5 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 20, 2026.

28. Doe 6 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about February 22, 2026.

29. Doe 7 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 21, 2026.

30. Doe 8 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 27, 2026.

31. Doe 9 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 29, 2026.

32. Doe 10 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 30, 2026.

33. After March 21, 2026, and after the filing of this lawsuit, Joshua Moon, as principal for Lolcow, LLC, attempted to remove the copyrighted images following submission of the DMCA takedown notices by Counterclaim-Plaintiff's counsel.

9

34.    By its own Complaint, Lolcow admits that it claims an affirmative license to the Infringing Material. Lolcow alleges that its Terms of Service grant it a license to material its users post, and that it accordingly claims a license from the individuals who posted the two images. ECF 1, Compl. ¶ 18. Lolcow further alleges that the claimed license runs "to reproduce and maintain" the Work, ECF 1, Compl. ¶ 27, and that it "has a license … to reproduce user-generated content," ECF 1, Compl. ¶ 30. In the correspondence Lolcow attached to its own Complaint, Lolcow described that license as "non-exclusive, permanent, [and] irrevocable" and as conferring "the right to use, publish, or re-publish" the material on Lolcow's own behalf. ECF No. 1-2 (Ex. B). Lolcow thus does not claim to host the Protected Material passively or merely at a user's direction; it claims an affirmative, proprietary, and perpetual right to reproduce, publish, re-publish, and maintain the Work, thereby exercising the exclusive rights reserved to Fong-Jones under 17 U.S.C. § 106.

35.    Consistent with that claimed license, Lolcow has left the Protected Material in place and has refused to remove or disable access to it. The two images remain posted on Kiwi Farms, see ECF 1, Compl. ¶ 16, and are the very images Lolcow placed at issue in this action (from Does 1 and 6). After receiving Fong-Jones's February 26, 2026, notification, Lolcow did not remove the Protected Material and did not submit any counter-notification under 17 U.S.C. § 512(g); instead, it asserted a permanent, irrevocable license entitling it to keep the material up and to reproduce it. Lolcow's decision to maintain the Protected Material was deliberate and volitional, was made with full knowledge of Fong-Jones's claim, and renders its continued reproduction, display, and distribution of the Work willful.

36.    Moon is Lolcow's sole member (see ECF 1, Compl. at ¶ 5). Lolcow "owns an internet forum called Kiwi Farms and does business as Kiwi Farms."

37.    Joshua Moon is the sole member of Lolcow LLC (ECF 4).

38.    Lolcow is primarily an online business with no physical office (ECF 1, Compl. at ¶ 7).

39.    Lolcow's only address of record is a PO box in South Charleston, West Virginia (ECF 3).

40.    Moon is the one who made the "license to reproduce" admissions (ECF 1, Compl. at ¶¶ 18, 27, 30).

41.    Lolcow is the alter ego of Joshua Moon. He owns, operates, and controls Lolcow and the Kiwi Farms forum it does business as. He exercises complete dominion over its operations, finances, content, and moderation.

42.    Lolcow has no existence separate from Moon. It maintains no physical office and conducts its business entirely online. ECF 1, Compl. ¶ 7. Although organized under

10

the laws of West Virginia, Lolcow's sole member resides in Florida, and Lolcow holds itself out only through a post-office box in South Charleston, West Virginia. ECF No. 3 (Civil Cover Sheet); ECF No. 4. Lolcow is not operated as an independent enterprise, but as an instrumentality through which Moon conducts the Kiwi Farms forum.

43. Moon does not maintain a separation between himself and Lolcow. Lolcow is funded principally by donations and subscriptions solicited from Kiwi Farms users, which Moon controls and directs. On information and belief, Moon commingles Lolcow's funds with his own and treats Lolcow's revenues and assets as his personal property, and Lolcow is inadequately capitalized to satisfy the liabilities arising from its operation of the forum.

44. Moon is the moving, active, and conscious force behind the infringement alleged herein. As the only person who controls Kiwi Farms' content and moderation, Moon personally caused Lolcow to host, reproduce, display, and distribute the Infringing Material, and personally made and ratified the decision to refuse Fong-Jones's removal demand and to maintain the Infringing Material on the forum. The license Lolcow claims to "reproduce and maintain" the Work, ECF 1Compl. ¶¶ 18, 27, 30, is a license that Moon claims and exercises for his own benefit.

45. Moon uses the Lolcow entity form to operate Kiwi Farms while attempting to shield himself personally from liability for the conduct he directs through it, including the infringement of Ms. Fong-Jones's copyright. Adhering to the fiction of Lolcow's separate existence would sanction injustice by permitting Moon to reproduce, display, and profit from Fong-Jones's copyrighted Work while evading personal responsibility for doing so.

46. By reason of the foregoing, Lolcow is the alter ego of Moon, the separateness of Lolcow and Moon should be disregarded, and Moon is jointly and severally liable with Lolcow for the infringement alleged herein.

## COUNT I — COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

47. Fong-Jones repeats and incorporates by reference Paragraphs 1 through 34 of these Counterclaims as if fully set forth herein.

48. Fong-Jones owns valid and registered copyright in the Work, including the exclusive rights set forth in 17 U.S.C. § 106.

49. Lolcow and Joshua Moon have infringed and continues to infringe those exclusive rights by reproducing, publicly displaying, and distributing the Protected Material on and through Kiwi Farms without authorization, in violation of 17 U.S.C. §§ 106 and 501.

50. Lolcow and Joshua Moon's infringement is willful within the meaning of 17 U.S.C. § 504(c)(2).

11

51. The Doe Users have infringed those exclusive rights by reproducing, publicly displaying, and distributing the Infringing Material on and through Kiwi Farms without authorization, in violation of 17 U.S.C. §§ 106 and 501.

52. The Doe Users' infringement is willful within the meaning of 17 U.S.C. § 504(c)(2).

53. Fong-Jones is entitled to relief, including injunctive relief under 17 U.S.C. § 502, and damages and Lolcow's profits under 17 U.S.C. § 504(b), or, to the extent available, statutory damages under 17 U.S.C. § 504(c), together with costs and attorney's fees under 17 U.S.C. § 505. The infringing material was first posted on or about February 22, 2026, and continues to be available as of the date of the filing of this Answer (see ECF 42-1).

## PRAYER FOR RELIEF

THEREFORE , Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones respectfully requests that the Court enter judgment in her favor and against Counterclaim-Defendant Lolcow LLC, and:

1. Declare that Lolcow and/or the Doe Users has/have infringed Fong-Jones's copyright in the Work;

2. Permanently enjoin Lolcow, and its members, officers, agents, and those in active concert with it, including, but not limited to, the Doe Users, from further reproducing, publicly displaying, or distributing the Work and the Infringing Material, and order the removal and disabling of access to the Infringing Material, pursuant to 17 U.S.C. § 502;

   a. Order the impoundment and disposition of infringing copies pursuant to 17 U.S.C. § 503;

3. Award Fong-Jones her actual damages and Lolcow's profits pursuant to 17 U.S.C. § 504(b), or, to the extent available, statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement;

4. Award Fong-Jones her costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505, to the extent available;

5. Award pre-judgment and post-judgment interest as permitted by law; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: June 22, 2026
New York, New York

Respectfully submitted,

**KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.**

By: /s/ Lane A. Haygood
Lane A. Haygood
1700 Broadway, 16th Floor
New York, New York 10019
Tel: (646) 845-6085
lhaygood@kusklaw.com

Counsel for Defendant and Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I electronically filed the foregoing document with the Clerk of this Court using the District Court's CM/ECF system. I further certify that a true and correct copy of the foregoing, together with its attachments, will be served on all parties and counsel of record through the Notices of Electronic Filing system implemented by the District Court's CM/ECF system.

/s/ Lane Haygood
Lane A. Haygood