Outlook

---

**Re: Removal Request Pursuant to 17 U.S.C. § 512(c)(3)**

---

**From** Lane Haygood <lhaygood@kusklaw.com>

**Date** Wed 3/11/2026 3:09 PM

**To**    Matthew Hardin <hardinlawpllc@icloud.com>

**Cc**    Kathryn Tewson <ktewson@kusklaw.com>; matt@matthewhardin.com <matt@matthewhardin.com>

Thank you for your prompt response. We are always happy to have a good-faith settlement discussion. But your client's public statements and past conduct leave us skeptical that he is interested in having such a discussion as opposed to trying to generate additional content for his podcast or website. So, while we are conceptually agreeable to early mediation, we would need your client to agree in advance that:

1. He is willing to embrace a settlement that includes, at a minimum, removal of the images. If he is not willing to do that at a minimum, then I do not think mediation will be fruitful.

2. Second, you and your client must sign a confidentiality agreement with a liquidated damages provision. If any information about the mediation (including the fact of its existence) or information exchanged in the mediation is revealed to a third party or posted online, then we would ask that there be a $100,000.00 liquidated damages provision.

3. Third, we would suggest that the mediation be conducted **remotely** via JAMS, who we have used in the past with great success. I would say that we could each suggest three mediators, and if we cannot agree, that we will allow JAMS to select the mediator.

4. Finally, with regard to the payment of mediator's fees, we would agree that each side would bear half the cost, save and except that if the matter is not resolved, we would want a stipulation that all mediation fees will be treated as attorney's fees, costs, and expenses, and to the extent that our client recovers such fees in litigation, that the inclusion of mediation fees be mandatory.

Of course, your client is free to reject those conditions as terms he cannot agree to ahead of a mediation, and if he does, that's fine. But if so, our conclusion would be that he is not yet in a place where mediation is likely to be effective, and we will therefore defer any discussion of mediation until later in the process. Please let me know if your client is amenable to these conditions; if so, we will provide a draft confidentiality agreement and approach JAMS about setting up a mediation.

I remain,
LH

---

**From:** Matthew Hardin <hardinlawpllc@icloud.com>
**Sent:** Wednesday, March 11, 2026 11:07 AM
**To:** Lane Haygood <lhaygood@kusklaw.com>
**Cc:** Kathryn Tewson <ktewson@kusklaw.com>; matt@matthewhardin.com <matt@matthewhardin.com>
**Subject:** Re: Removal Request Pursuant to 17 U.S.C. § 512(c)(3)

Good morning,

Again waiving no rights, I note in your email from March 9 you suggested mediation, but only as party of a settlement agreement. I write to inquire whether you would oppose mediation as an initial matter, rather than as a late-stage part of a complex settlement proposal outlined in your email. Specifically, I think we would be willing to mediate before any of the retired federal judges that offer such services (for example but without limitation, any of the roster available here: https://fedarb.com/federal-judges/). I see no reason we could not undertake such a mediation as an initial impulse rather than a last resort.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Mar 9, 2026, at 6:32 PM, Matthew Hardin <HardinLawPLLC@icloud.com> wrote:

Waiving no rights, I will endeavor to get back to you by Friday.
Best,
**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Mar 9, 2026, at 5:54 PM, Lane Haygood <lhaygood@kusklaw.com> wrote:

RULE 408 SETTLEMENT COMMUNICATIONS (CONFIDENTIAL)

Mr. Hardin:

I have not received a response to you from my March 2, 2026, letter. In the interest of heading this matter off before it becomes a matter for the courts, we would like to propose this settlement offer, which is confidential under Federal Rule 408 and similar state rules.

- First, your client would have to immediately remove all instances of the copyrighted images and derivatives from his website, within 24 hours of signing an agreement, and provide proof to you that he had done so, which you would then remit to me to provide to my client.

- Second, he would have to agree to remove any future instances of this image and/or any of our client's other copyrighted images (or any images for which she is the designated DMCA agent) that are posted to his website within 24 hours of a

notification that it has been posted, with the failure to do so being an acknowledged copyright infringement.

- Third, your client would have to pay to my client the sum of $15,000.00 in attorney's fees for my client's use of her attorneys in reaching this agreement, payable within thirty (30) days of the date on which we sign the agreement, with the failure to make the payment deemed non-compliance that will permit my client to seek redress for copyright infringement against him in an appropriate judicial forum.

- In exchange, my client would release your client from any liability for the copyright infringement set forth in our February 26, 2026, and March 2, 2026, letters, along with any further right to seek recompense from your client for those matters and those matters only.

For any dispute arising under this agreement, we would agree to submit the matter for mediation with a mediator of my choice, licensed in Texas, and, failing agreement at mediation, that this agreement could be litigated in the federal district courts of the Western District of Texas.

 If your client is agreeable to this, please indicate agreement via electronic mail and I will draw up a formal Rule 408 Settlement Agreement, Release, and Confidentiality Order to be executed.

This offer will remain open until 5:00 p.m. Central on Friday, March 13, 2026, after which it will be considered withdrawn.

Finally, as we are aware of your client' s proclivity for the public posting of communications like this, any disclosure of the contents of this communication to any third party shall constitute immediate breach of the confidentiality of settlement agreements, the offer will be considered withdrawn, and we will proceed to litigation on the underlying claims.

Please discuss the wisdom of this matter with your client and give me your response no later than 5:00 p.m. this Friday.

Thank you,

Lane A. Haygood

Counsel for Zhen Elizabeth Fong-Jones

---

**From:** Lane Haygood <lhaygood@kusklaw.com>
**Sent:** Monday, March 2, 2026 3:36 PM
**To:** Matthew Hardin <hardinlawpllc@icloud.com>; Kathryn Tewson <ktewson@kusklaw.com>
**Cc:** matt@matthewhardin.com <matt@matthewhardin.com>
**Subject:** Re: Removal Request Pursuant to 17 U.S.C. § 512(c)(3)

Dear Mr. Hardin:

Thank you for your response. Our reply is attached. A hard copy will follow by mail.

**From:** Matthew Hardin <hardinlawpllc@icloud.com>
**Sent:** Monday, March 2, 2026 6:29 AM
**To:** Kathryn Tewson <ktewson@kusklaw.com>
**Cc:** matt@matthewhardin.com <matt@matthewhardin.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** Re: Removal Request Pursuant to 17 U.S.C. § 512(c)(3)

Good morning,

Please see attached our response,

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Feb 26, 2026, at 8:41 PM, Kathryn Tewson <ktewson@kusklaw.com> wrote:

Matthew,

Please see attached correspondence from attorney Lane Haygood.

Thanks,

Kathryn Tewson, Paralegal
**Kamerman, Uncyk, Soniker & Klein P.C.**
206-940-3701

*Unless specifically set forth above, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this message, or any attachments.  This message and any attachments contain and are intended to be a confidential transmission of information or documents from Kamerman, Uncyk, Soniker & Klein P.C., which is legally privileged.  The materials or information enclosed are intended only for the use of the individual or entity to which this message is addressed.  If you are not the intended recipient, an addressee, or the person responsible for delivering this to an addressee, you are hereby notified that reading, using, disclosing, copying, or distributing any part of this message or the taking of any action in reliance on the contents of this transmission is strictly prohibited.  If you have received this transmission in error, please contact us immediately and take the steps necessary to delete the message completely from your computer system.  Thank you.*
<2026-02-26 KF DMCA Takedown notice.pdf>