

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**24 June 2026**

<u>Via CM/ECF and Electronic Mail</u>
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
<Failla_NYSDChambers@nysd.uscourts.gov>



> *Re:    Lolcow, LLC v. Fong-Jones, Case No. 1:26-cv-02059*

Dear Judge Failla,

I am writing pursuant to Your Honor's Individual Rules of Practice in Civil Cases, § 2(B) & (C) and 4(A), to the extent applicable. It is with respect to the putative counterclaims/third-party claims filed by Defendant at ECF No. 44 and refiled at ECF No. 47.

My firm represents seven anonymous individuals who are the subjects of Defendant's DMCA subpoenas. (ECF Nos. 13 & 15). To protect their rights, I entered my appearance on their behalf in their sole capacity as "non-party subjects of the subpoenas" (ECF No. 21) and, in that capacity, moved to quash the subpoenas (ECF Nos. 31-33), which motion remains pending.

Defendant now seeks to bring certain claims against these individuals. In Defendant's pleading, at ¶ 7 of the putative counterclaims (ECF No. 44 at p. 7), Defendant asserts that my clients "may be served, at this stage of the litigation, through their counsel of record, Jay M. Wolman, who has made a general appearance on their behalf in this litigation." This is an erroneous assertion. I am not their agent for service of process, and I cannot accept such service. *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) (holding service on attorney not authorized to accept service is invalid). Further, my firm is not retained to represent a defendant in this matter, my firm is only retained to represent these individuals as subpoena subjects and I only appeared for them as subpoena subjects.

I do not offer the following arguments in a capacity as counsel for them as defendants. They might (individually or collectively) not retain me at all, and represent themselves, or they may hire other counsel.

Nevertheless, upon retaining counsel (or choosing to self-represent) these individuals would prevail on a motion to dismiss under Rule 12(b)(5) as the service of process is

100 Pearl Street, 14th Floor, Hartford, Connecticut 06103

jmw@randazza.com  |  888.887.1776



insufficient. Although Fed. R. Civ. P. 5(b) authorizes service on a "party represented by an attorney," my clients are not parties. They are non-party movants. Thus, they must be served by summons and in a manner prescribed by Fed. R. Civ. P. 4. Otherwise, a plaintiff can always skirt Rule 4 service requirements by serving under Rule 5 the defendant who moves to dismiss for insufficient service or the subpoena subject or recipient who successfully moves to quash an improper subpoena. Moreover, ECF No. 47 refers to them as third-party defendants, and Rule 14(a)(1) requires service of a summons.

These individuals may also, relatedly, move to dismiss under Rule 12(b)(2) as they are not subject to personal jurisdiction in this court. Merely moving to protect themselves from a subpoena does not subject them to jurisdiction in this court. *See, e.g., Maverick Entm't Grp., Inc. v. Doe*, 276 F.R.D. 389, 394 (D.D.C. 2011)(holding that a non-party movant in a copyright case who challenges a subpoena does not forfeit their right to raise all defenses, including personal jurisdiction, if they are subsequently named as defendants).

However, and most significantly, the putative copyright infringement claims are dismissible on their face as plain fair use under Rule 12(b)(6). This issue has been raised in the pending motions, and a favorable outcome for my clients would be dispositive of Defendant's putative infringement claim. There is no need to further clutter the Court's docket or cause my clients to incur unnecessary legal expenses.

Thus, as my clients have not been served, are not subject to this Court's jurisdiction, and the putative claims against them are meritless, we request that they not be required to respond to the putative counterclaim a) until they have been properly served with a summons and the counterclaim complaint, and b) unless the court denies the pending motion to quash.

Plaintiff consents to the relief requested herein; Defendant does as well, but notes that a pre-motion conference might not be necessary.

Thank you for your attention to this matter.

Regards,

Jay M. Wolman

cc:     All parties via CM/ECF
        Marc J. Randazza, Esq.

Because Does 1-7 are presently third parties to this case, in order for Defendant to properly implead them, she must file a third-party complaint against them pursuant to Federal Rule of Civil Procedure 14.  In other words, it is insufficient for Defendant to bring counterclaims against Does 1-7 in her answer to Plaintiff's complaint.

Assuming Defendant files a third-party complaint that brings the Doe Defendants into the case, the Court accepts the Randazza firm's representation that it is not presently authorized to accept service on any such Defendant's behalf.

Dated:     June 26, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE