**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LOLCOW LLC,

       Plaintiff/Counterclaim
       Defendant,

v.

ZHEN ELIZABETH FONG-JONES,

       Defendant/Counterclaim
       Plaintiff.

---

ZHEN ELIZABETH FONG-JONES,

       Defendant/Third-Party
       Plaintiff

v.

DOE 1 A/K/A 3MMA, DOE 2 A/K/A SEXY SENIOR CITIZEN, DOE 3 A/K/A DIGGUS BICKUS, DOE 4 A/K/A TERIYAKIBURNS, DOE 5 A/K/A DREAD FIRST, DOE 6 A/K/A THE MASS SHOOTER RON SOYE, DOE 7 A/K/A GETTRGRIFTER, DOE 8 A/K/A LOLLARDY, DOE 9 A/K/A NONE7, and DOE 10 A/K/A TAQUITO.

       Third-Party Defendants.

Case No. 1:26-cv-02059-KPF

**THIRD-PARTY PLAINTIFF ZHEN ELIZABETH FONG-JONES'S THIRD-PARTY CLAIMS**

---

Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones ("Fong-Jones"), by and through her undersigned counsel, for her Counterclaims against Counterclaim-Defendant Lolcow LLC ("Lolcow"), and third-party claims against Doe 1 a/k/a 3MMA, Doe 2 a/k/a Sexy Senior Citizen, Doe 3 a/k/a Diggus Bickus, Doe 4 a/k/a Teriyakiburns, Doe 5 a/k/a Dread First, Doe 6 a/k/a The Mass Shooter Ron Soye, Doe 7 a/k/a GettrGrifter, Doe 8 a/k/a Lollardy, Doe 9 a/k/a NoNe7, and Doe 10 a/k/a Taquito (collectively the "Doe Defendants"), alleges as follows:

1

## NATURE OF THE THIRD-PARTY CLAIM

1.    This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Original Plaintiff/Counterclaim-Defendant Lolcow, LLC ("Lolcow") owns and operates the Internet forum known as Kiwi Farms, on and through which it has reproduced, publicly displayed, and distributed—and continues to reproduce, publicly display, and distribute—a professional photographic portrait in which Fong-Jones holds the registered copyright, without authorization and over Fong-Jones's express objection.

2.    These Third-Party Claims arise out of the same transaction and occurrence that is the subject matter of Lolcow's Complaint and are compulsory under Fed. R. Civ. P. 13(a).

## THE PARTIES

3.    Third-Party Plaintiff and Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones is an individual and is the owner of the copyright in the work at issue. Third-Party Plaintiff is a citizen of the United States and a resident of Australia and Canada.

4.    Original Plaintiff and Counterclaim-Defendant Lolcow LLC is a limited liability company organized under the laws of the State of West Virginia, with its sole member, Joshua Moon, a resident and domiciliary of the State of Florida. Lolcow owns and operates Kiwi Farms and does business as Kiwi Farms.

5.    Joshua Moon is a resident of the State of Florida and has consented to jurisdiction in this Court via the filing of this lawsuit.

6.    For purposes of this action, Lolcow and Joshua Moon are the same party under a theory of alter ego/piercing the corporate veil.

7.    Doe 1 (3MMA), Doe 2 (Sexy Senior Citizen), Doe 3 (Diggus Bickus), Doe 4 (Teriyakiburns), Doe 5 (Dread First), Doe 6 (The Mass Shooter Ron Soye), and Doe 7 (GettrGrifter) are individuals unknown to Counterclaim-Plaintiff who are registered users of Counterclaim-Defendant Lolcow, LLC, and are the subject of pending 17 U.S.C. § 512(h) subpoenas, and are Counterclaim-Defendants herein. They may be served at some future stage of the litigation after their identities have been disclosed via subpoenas issued by this court under 17 U.S.C. § 512(h).

8.    Does 8 (lollardy), Doe 9 (NoNe7), Doe 10 (Taquito) are users who have had content removed under the DMCA by Lolcow and Joshua Moon, but for whom the 17 U.S.C. § 512(h) subpoena process has been stayed pending the outcome of the present motions to quash. They may be served with process once their identities have been disclosed.

## JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction over these Third-Party Claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), because they arise under the Copyright Act. The Court additionally has jurisdiction pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 13(a).

10.   This Court has personal jurisdiction over the Doe Defendants to the extent that the Defendants have made an appearance in this Court requesting quashal of subpoenas served on them under 17 U.S.C. § 512(h). The parties have agreed to stay service upon Defendants and any related proceedings until after the resolution of the motions to quash.

11.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Lolcow commenced this action in this District, and a substantial part of the events giving rise to these Counterclaims, including the routing of Lolcow's Internet traffic and the consequent reproduction and display of the infringing material, occurred in this District according to Lolcow's own allegations.

## FACTUAL ALLEGATIONS

12.   The work at issue is a professional photographic portrait of Fong-Jones (the "Work"), created in 2025 by the professional photographer Zackary Drucker through deliberate creative choices including lighting, composition, framing, and subject direction.

13.   Fong-Jones is the owner, by assignment, of the copyright in the Work and of the exclusive rights therein, including the rights of reproduction, public display, distribution, and preparation of derivative works under 17 U.S.C. § 106.

14.   The Work is registered with the United States Copyright Office. The Work is included within the group of unpublished photographs registered under Registration No. VAu 1-576-006, with an effective date of registration of August 25, 2025, naming Zackary Drucker as author and Fong-Jones as copyright claimant by assignment.

15.   Lolcow has reproduced, stored, publicly displayed, and distributed the Work on and through Kiwi Farms in two forms: (a) a screenshot in which the Work is reproduced in full or in substantial part; and (b) various cropped and/or altered version[s] of the Work bearing overlaid text (collectively, the "Infringing Material").

16.   Lolcow does not merely passively host the Infringing Material. Lolcow stores the Infringing Material on its own servers and transmits and publicly displays it to users, including, according to Lolcow's own allegations, by routing a substantial portion of its traffic through New York. Lolcow further affirmatively claims a license, under its Terms of Service, to use, publish, and re-publish the Infringing Material, thereby exercising the exclusive rights reserved to Fong-Jones under 17 U.S.C. § 106.

17.   On February 26, 2026, Fong-Jones, through counsel, served a notification pursuant to 17 U.S.C. § 512(c)(3) upon Lolcow's designated agent, identifying the Work and the Infringing Material and demanding its removal.

3

18. Lolcow initially refused to remove or disable access to the Infringing Material. Through counsel, in correspondence dated March 2, 2026, and thereafter, Lolcow asserted that it would not remove the Infringing Material and claimed a license and fair use. Lolcow has not filed any counter-notification under 17 U.S.C. § 512(g). Furthermore, Lolcow now falsely claims that the infringing material is no longer available, but all infringing material can be accessed in a number of ways (see ECF 42-1).

19. Lolcow's reproduction, display, and distribution of the Infringing Material is not authorized by Fong-Jones, her agents, or the law, and is not protected by fair use. The Infringing Material reproduces the Work to depict its subject, which is the original purpose of a portrait photograph, and is not transformative under Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508 (2023).

20. Lolcow's infringement is willful. Lolcow received Fong-Jones's notification, was advised in detail of the basis for the infringement claim, and made a considered decision to continue reproducing, displaying, and distributing the Infringing Material.

21. As a direct and proximate result of Lolcow's infringement, Fong-Jones has suffered and continues to suffer injury, and Lolcow has profited from its unauthorized exploitation of the Work.

22. The Doe Users are users of Plaintiff's interactive forum, with the usernames as stated in paragraph 5, and have used those usernames at all times and places relevant to these counterclaims.

23. Doe 1 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about February 22, 2026.

24. Doe 2 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 13, 2026.

25. Doe 3 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 14, 2026.

26. Doe 4 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 20, 2026.

27. Doe 5 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 20, 2026.

28. Doe 6 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about February 22, 2026.

29. Doe 7 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 21, 2026.

4

30.    Doe 8 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 27, 2026.

31.    Doe 9 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 29, 2026.

32.    Doe 10 posted Counterclaim-Plaintiff's copyrighted image to Counterclaim-Defendant Lolcow LLC's forum on or about March 30, 2026.

33.    After March 21, 2026, and after the filing of this lawsuit, Joshua Moon, as principal for Lolcow, LLC, attempted to remove the copyrighted images following submission of the DMCA takedown notices by Counterclaim-Plaintiff's counsel.

34.    By its own Complaint, Lolcow admits that it claims an affirmative license to the Infringing Material. Lolcow alleges that its Terms of Service grant it a license to material its users post, and that it accordingly claims a license from the individuals who posted the two images. ECF 1, Compl. ¶ 18. Lolcow further alleges that the claimed license runs "to reproduce and maintain" the Work, ECF 1, Compl. ¶ 27, and that it "has a license … to reproduce user-generated content," ECF 1, Compl. ¶ 30. In the correspondence Lolcow attached to its own Complaint, Lolcow described that license as "non-exclusive, permanent, [and] irrevocable" and as conferring "the right to use, publish, or re-publish" the material on Lolcow's own behalf. ECF No. 1-2 (Ex. B). Lolcow thus does not claim to host the Protected Material passively or merely at a user's direction; it claims an affirmative, proprietary, and perpetual right to reproduce, publish, re-publish, and maintain the Work, thereby exercising the exclusive rights reserved to Fong-Jones under 17 U.S.C. § 106.

35.    Consistent with that claimed license, Lolcow has left the Protected Material in place and has refused to remove or disable access to it. The two images remain posted on Kiwi Farms, see ECF 1, Compl. ¶ 16, and are the very images Lolcow placed at issue in this action (from Does 1 and 6). After receiving Fong-Jones's February 26, 2026, notification, Lolcow did not remove the Protected Material and did not submit any counter-notification under 17 U.S.C. § 512(g); instead, it asserted a permanent, irrevocable license entitling it to keep the material up and to reproduce it. Lolcow's decision to maintain the Protected Material was deliberate and volitional, was made with full knowledge of Fong-Jones's claim, and renders its continued reproduction, display, and distribution of the Work willful.

36.    Moon is Lolcow's sole member (see ECF 1, Compl. at ¶ 5). Lolcow "owns an internet forum called Kiwi Farms and does business as Kiwi Farms."

37.    Joshua Moon is the sole member of Lolcow LLC (ECF 4).

38.    Lolcow is primarily an online business with no physical office (ECF 1, Compl. at ¶ 7).

39.    Lolcow's only address of record is a PO box in South Charleston, West Virginia (ECF 3).

5

40. Moon is the one who made the "license to reproduce" admissions (ECF 1, Compl. at ¶¶ 18, 27, 30).

41. Lolcow is the alter ego of Joshua Moon. He owns, operates, and controls Lolcow and the Kiwi Farms forum it does business as. He exercises complete dominion over its operations, finances, content, and moderation.

42. Lolcow has no existence separate from Moon. It maintains no physical office and conducts its business entirely online. ECF 1, Compl. ¶ 7. Although organized under the laws of West Virginia, Lolcow's sole member resides in Florida, and Lolcow holds itself out only through a post-office box in South Charleston, West Virginia. ECF No. 3 (Civil Cover Sheet); ECF No. 4. Lolcow is not operated as an independent enterprise, but as an instrumentality through which Moon conducts the Kiwi Farms forum.

43. Moon does not maintain a separation between himself and Lolcow. Lolcow is funded principally by donations and subscriptions solicited from Kiwi Farms users, which Moon controls and directs. On information and belief, Moon commingles Lolcow's funds with his own and treats Lolcow's revenues and assets as his personal property, and Lolcow is inadequately capitalized to satisfy the liabilities arising from its operation of the forum.

44. Moon is the moving, active, and conscious force behind the infringement alleged herein. As the only person who controls Kiwi Farms' content and moderation, Moon personally caused Lolcow to host, reproduce, display, and distribute the Infringing Material, and personally made and ratified the decision to refuse Fong-Jones's removal demand and to maintain the Infringing Material on the forum. The license Lolcow claims to "reproduce and maintain" the Work, ECF 1Compl. ¶¶ 18, 27, 30, is a license that Moon claims and exercises for his own benefit.

45. Moon uses the Lolcow entity form to operate Kiwi Farms while attempting to shield himself personally from liability for the conduct he directs through it, including the infringement of Ms. Fong-Jones's copyright. Adhering to the fiction of Lolcow's separate existence would sanction injustice by permitting Moon to reproduce, display, and profit from Fong-Jones's copyrighted Work while evading personal responsibility for doing so.

46. By reason of the foregoing, Lolcow is the alter ego of Moon, the separateness of Lolcow and Moon should be disregarded, and Moon is jointly and severally liable with Lolcow for the infringement alleged herein.

### COUNT I — COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

47. Fong-Jones repeats and incorporates by reference Paragraphs 1 through 46 of these Counterclaims as if fully set forth herein.

48. Fong-Jones owns valid and registered copyright in the Work, including the exclusive rights set forth in 17 U.S.C. § 106.

6

49. The Third-Party Defendant Doe Defendants have infringed those exclusive rights by reproducing, publicly displaying, and distributing the Infringing Material on and through Kiwi Farms without authorization, in violation of 17 U.S.C. §§ 106 and 501.

50. The Doe Defendants' infringement is willful within the meaning of 17 U.S.C. § 504(c)(2).

51. Fong-Jones is entitled to relief, including injunctive relief under 17 U.S.C. § 502, and damages and to the extent available, statutory damages under 17 U.S.C. § 504(c), together with costs and attorney's fees under 17 U.S.C. § 505. The infringing material was first posted on or about February 22, 2026, and continues to be available as of the date of the filing of this Answer (see ECF 42-1).

## PRAYER FOR RELIEF

THEREFORE , Third-Party Plaintiff Zhen Elizabeth Fong-Jones respectfully requests that the Court enter judgment in her favor and against Third-Party Defendants the Doe Defendants, and:

1. Declare that the Doe Defendants have infringed Fong-Jones's copyright in the Work;

2. Permanently enjoin the Doe Defendants, from further reproducing, publicly displaying, or distributing the Work and the Infringing Material, and order the removal and disabling of access to the Infringing Material, pursuant to 17 U.S.C. § 502;

   a. Order the impoundment and disposition of infringing copies pursuant to 17 U.S.C. § 503;

3. Award Fong-Jones her actual damages pursuant to 17 U.S.C. § 504(b), or, to the extent available, statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement;

4. Award Fong-Jones her costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505, to the extent available;

5. Award pre-judgment and post-judgment interest as permitted by law; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: June 26, 2026
New York, New York

Respectfully submitted,

**KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.**

7

By: /s/ Lane A. Haygood
    Lane A. Haygood
    1700 Broadway, 16th Floor
    New York, New York 10019
    Tel: (646) 845-6085
    lhaygood@kusklaw.com

Counsel for Defendant and
Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing document with the Clerk of this Court using the District Court's CM/ECF system. I further certify that a true and correct copy of the foregoing, together with its attachments, will be served on all parties and counsel of record through the Notices of Electronic Filing system implemented by the District Court's CM/ECF system.

/s/ Lane Haygood
Lane A. Haygood