# HARDIN LAW OFFICE

Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

June 26, 2026

The Honorable Katherine Polk Failla
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

**Re:**  *Lolcow LLC v. Fong-Jones*, No. 1:26-cv-02059-KPF
Request for a Pre-Motion Conference on Lolcow LLC's Anticipated Motion

Dear Judge Failla:

Pursuant to Your Honor's Individual Rule 4.A, Lolcow LLC ("Lolcow") requests a pre-motion conference on its anticipated Rule 12(b)(6) or 12(c) motion to dismiss the copyright infringement counterclaim asserted by Zhen Elizabeth Fong-Jones ("Fong-Jones") at ECF No. 51. Fong-Jones' counsel advises that the motion will be opposed.

The counterclaim pleads a single count, "Copyright Infringement" under 17 U.S.C. §§ 106 and 501, alleging that Lolcow "infringed . . . by reproducing, publicly displaying, and distributing" a photograph on the Kiwi Farms forum. (ECF No. 51, Countercl. ¶ 36.) That is a claim for direct infringement, and it fails as a matter of law, because direct liability requires a volitional act by the defendant that causes the particular infringing copy. The Copyright Act restricts liability to the party who actually causes a copy rather than every intermediary in the chain that delivers it. The operator of an online forum that merely stores and displays what its users choose to post does not commit that act. *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131–33 (2d Cir. 2008). Courts in this District and others routinely apply that rule to dismiss direct infringement claims against user-content platforms. See, e.g., *Lopez v. Meta Platforms, Inc.*, No. 24-CV-1544 (JPO), 2025 WL 965811, 2025 U.S. Dist. LEXIS 61584 at *8-9 (S.D.N.Y. Mar. 31, 2025) (a platform is not liable "for either direct or indirect copyright infringement simply by virtue of the posting" of material "by a user"); *Business Casual Holdings, LLC v. YouTube, LLC*, No. 21-cv-3610, 2022 WL 837596, at *3–6, 8 (S.D.N.Y. Mar. 21, 2022); *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 741–43 (S.D.N.Y. 2012), *aff'd*, 569 F. App'x 51 (2d Cir. 2014); see also *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551-552 (4th Cir. 2004); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 665 (9th Cir. 2017).

Fong-Jones' own pleadings negate the required inference that Lolcow acted volitionally in two separate ways. First, Fong-Jones identifies the Doe users as the persons who selected the photograph and initiated each upload, on the specific dates listed, and alleges that those users, not Lolcow, "reproduc[ed], publicly display[ed],

and distribut[ed]" the material. (ECF No. 52 ¶¶ 22–32, 49.) Second, Fong-Jones alleges no act by Lolcow selecting, uploading, reposting, altering, commissioning, directing, or independently transmitting the photograph. The only conduct attributed to Lolcow is that its servers "store[d]" the material and "transmit[ted] and publicly display[ed]" it in response to the users' posts. (ECF No. 51, Countercl. ¶ 14.) That holds for each purportedly exclusive right the counterclaim invokes: the reproduction ostensibly occurred when a user uploaded the file, the display and distribution occurred as the Internet forum returned that user-selected file to others, and the counterclaim identifies no separate, Lolcow-initiated act producing any further copy. A pleading that attributes every volitional act to the Doe defendants pleads itself out of a direct infringement claim against the host (Lolcow).

Fong-Jones' pleaded facts implicate, at most, secondary liability. But the counterclaim does not assert such claims and any amendment to do so would be futile. The only post-upload conduct alleged is that Lolcow received notice and "declined to remove the posts." (ECF No. 51, Countercl. ¶¶ 16, 22.) The Supreme Court held this Term that even providing a service to known infringers, without culpable conduct that promotes or is tailored to infringement, is not contributory infringement. *Cox Commc'ns, Inc. v. Sony Music Ent.*, No. 24-171, 146 S. Ct. 959 (2026) (knowledge coupled with a failure to act does not suffice). The same principle defeats any inducement theory, which requires affirmative steps to encourage infringement rather than inaction. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (copyright's inducement standard derives from patent law). The counterclaim alleges no inducement, encouragement, or design directed at infringement. Indeed, it alleges the opposite: that Lolcow's principal "attempted to remove the copyrighted images." (ECF No. 51, Countercl. ¶ 20.)

Any hypothetical vicarious infringement claim would also fail. Vicarious liability requires both the right and ability to supervise the infringing activity and a direct financial benefit attributable to the infringement. *Gershwin Publ'g Corp. v. Columbia Artists Mgmt.*, 443 F.2d 1159, 1162 (2d Cir. 1971), citing *Shapiro, Bernstein & Co., Inc. v. H. L. Green Co.*, 316 F.2d 304 (2d Cir. 1963). Fong-Jones pleads neither. The counterclaim does not allege that the ostensibly copyright-protected photograph drew users to the forum, generated subscriptions or other revenue, or otherwise conferred on Lolcow a financial benefit traceable to the photograph rather than to the ordinary operation of the site. The secondary theory Fong-Jones did not plead would thus fail even if pleaded.

The counterclaim's reliance on Lolcow's Terms-of-Service license fares no better. A platform's receipt of a license to store and display user-submitted content (ECF No. 51, Countercl. ¶¶ 14, 21) does not establish that the platform selected the work or caused the upload; such licenses are how interactive services lawfully display

what their users post, and claiming one is not an admission of volitional copying. Cadie Thompson, *What You Really Sign Up for When You Use Social Media*, CNBC (May 20, 2015), https://www.cnbc.com/2015/05/20/what-you-really-sign-up-for-when-you-use-social-media.html (last visited June 26, 2026).

Finally, the counterclaim's alter-ego allegations do not state a basis to disregard Lolcow's separate existence. Lolcow is a West Virginia limited liability company, so West Virginia law governs member liability.[1] As amended in 2022, West Virginia's statute provides that the veil-piercing analysis of *Kubican v. The Tavern, LLC*, 232 W. Va. 268 (2013), applies only if the company *both* is inadequately capitalized for the reasonable risks of the business and fails to carry liability insurance. W. Va. Code § 31B-3-303(d). The mere failure to observe company formalities is not a ground for member liability. *Id*. § 31B-3-303(b). The counterclaim fails to plausibly plead both predicates. It says nothing about Lolcow's liability insurance, and its conclusory assertions of undercapitalization and sole-member control (ECF No. 51, Countercl. ¶¶ 28–33) describe an ordinary single-member LLC, not an alter ego.

Lolcow requests a pre-motion conference and is prepared to brief the motion on the Court's schedule.

Respectfully submitted,

/s/ Matthew D. Hardin
Matthew D. Hardin
*Counsel for Lolcow LLC*

---

[1] In the event of some conflict, a federal court in New York might apply New York choice-of-law rules. *Hau Yin To v. HSBC Holdings, PLC*, 700 F. App'x 66, 68 (2d Cir. 2017), citing *Zerman v. Ball*, 735 F.2d 15, 19-20 (2d Cir. 1984). But those rules point to West Virginia law here. *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993), citing *Soviet Pan Am Travel Effort v. Travel Committee, Inc.*, 756 F. Supp. 126, 131 (S.D.N.Y. 1991). Veil-piercing is treated as an internal-affairs question governed by the state of formation, *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). Regardless, even New York courts applying New York law would also find the pleaded allegations inadequate to pierce the corporate veil. *Morris v. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993).