**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

**COUNSELORS AT LAW**

**1700 BROADWAY, 16TH FLOOR**

**NEW YORK, NEW YORK  10019**

———

**(212) 400-4930**

July 1, 2026

**VIA ELECTRONIC FILING**

Hon. Judge Katherine Polk Failla
United States Courthouse
500 Pearl Street, New York, NY 10007-13
Email: failla_nysdchambers@nysd.uscourts.gov

> **Re: Cause No. 1:26-cv-02059, *Lolcow, LLC v. Fong-Jones***
> **Response to Pre-Motion Letter (ECF 53)**

Dear Judge Failla,

Counterclaim-Plaintiff Zhen Elizabeth Fong-Jones respectfully submits this response to Counterclaim-Defendant Lolcow, LLC's June 26, 2026, pre-motion letter (ECF 53). Ms. Fong-Jones requests that the Court deny the leave to file the anticipated motion, or, in the alternative, to set a briefing schedule. Lolcow's letter identifies no defect on the face of the counterclaim, but instead it contests the counterclaim's well-pleaded allegations and previews an affirmative defense—the DMCA safe harbor—which cannot be resolved on the pleadings and which Lolcow's own admissions defeat. On a Rule 12(b)(6) or 12(c) motion, the Court must accept the counterclaim's allegations as true and draw all reasonable inferences in Fong-Jones's favor, and thus the counterclaim would survive any such challenge.

## I.   The counterclaim plausibly alleges Lolcow's own volitional conduct.

Lolcow's volitional-conduct argument depends on recharacterizing the counterclaim as pleading nothing more than passive, automated storage of a user's post. That is not what the counterclaim says. It alleges that Lolcow itself reproduced, publicly displayed, and distributed the photograph (ECF 54 ¶ 36), that Lolcow's servers stored and transmitted it (*id.* at ¶ 14), and that Lolcow declined to remove the specific, identified file after receiving notice (*id.* at ¶¶ 16, 22). Taken as true, those allegations plead volitional conduct. That is the essence of the DMCA safe harbor provision: if failure to follow the provisions of the DMCA yielded no liability for the host, the protections of 17 U.S.C § 512(c) would be surplusage.

The volitional-conduct requirement asks who caused the particular copy, and that inquiry turns on facts about how the system operates and what role the defendant played, not on the bare label "platform." *Cartoon Network, LP, v. CSC Holdings, Inc.*, 536 F.3d 121, 131-33 (2d Cir. 2008) was decided on a developed summary-judgment record, and the authorities Lolcow marshals hold only that a host is not liable **merely** by virtue of a user's post. The counterclaim alleges more, and each exclusive right it invokes is independently implicated by Lolcow's own conduct.

### A.   Lolcow is responsible for the display and distribution.

Every time Lolcow's servers deliver the photograph to a viewer, Lolcow—not the uploading user—performs the act of public display and distribution. This is as per the Kiwi

July 1, 2026                          Hon. Katherine Polk Failla                          Page 2

Farms' official policy of having Lolcow host the material if possible.[1] That is so a fortiori here, because this District rejects the "server test" and holds that even a party who does not host the file, but merely embeds an image stored on a third party's server, "displays" it by taking active steps to put in place a process that transmits the image to viewers. *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 593–96 (S.D.N.Y. 2018). If an embedder who never possesses the file displays it, then Lolcow—which stores the photograph on its own servers and serves it to every viewer who loads the post—necessarily does. The out-of-circuit authorities Lolcow invokes (*GigaNews*, *CoStar*) reflect a passive-intermediary view of the display right that this District does not follow.

### B.    Lolcow has direct liability for reproduction.

The *Cartoon Network* direct liability standard does not categorically immunize a host: the Second Circuit has held that an operator's own system-level copying satisfies it where the operator designed the system to make the copy. *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 96–97 (2d Cir. 2016) (volitional-conduct requirement met where the service "was designed to retrieve" and copy material, such that "copying… was directed by MP3tunes, not users"). We know that Lolcow's servers do more than passively re-host or copy content; the servers, by design, create a separate copy as a thumbnail or preview. *See Nicklen v. Sinclair Broadcast Group, Inc.*, 551 F.Supp.3d 188, 194-95, 199 (S.D.N.Y. 2021) (distinguishing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007) on grounds of copying/thumbnails). And in fact, Lolcow refuses to delete material once posted, even if so requested by the user; Lolcow even went so far as to *ban* a user who requested that his infringing post be deleted. *See* ECF 42-4 (Declaration of Lane A. Haygood, ¶ 4).

### C.    Lolcow continued hosting after receiving the DMCA notice.

Lolcow's decision to keep storing and serving the identified file after notice (ECF 53 at ¶¶ 16, 22) is itself a volitional act, a deliberate choice to continue reproducing and displaying a work Lolcow knew was claimed to be infringing, distinct from the automated response to the initial upload. Whether Lolcow's conduct crosses the volitional line is, at minimum, a fact question that cannot be resolved on the counterclaim's face. Thus, a dilatory plea for failure to state a claim would not only be a waste of this Court's time but would further delay the discovery and summary judgment that would actually move this case toward resolution.

## II. Lolcow's "passive host" theory is a DMCA safe-harbor defense that cannot be resolved on Rule 12 and that its own admissions defeat.

Stripped of labels, Lolcow argues it is a neutral conduit that should not answer for what its users post, despite the rather direct hand that its sole administrator, Joshua Moon, takes with the forum. That is the 17 U.S.C. § 512(c) safe harbor, an affirmative defense on which Lolcow bears the burden and which requires a factual showing (designated agent, absence of disqualifying knowledge, expeditious removal, and more). An affirmative defense supports dismissal only where it appears on the face of the pleading, and this one does not. *See Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 94 (2d Cir. 2016). Worse for Lolcow, its own letter concedes the fact that forecloses the defense: Lolcow "declined to remove the posts" after receiving notice. ECF 53 at ¶¶ 16, 22.

## III. Fong-Jones's allegations also support secondary liability, and amendment would not be futile.

Even if the Court viewed the pleaded conduct as secondary rather than direct, dismissal with prejudice would be improper: contributory and vicarious theories are viable on these facts, and Rule 15(a)(2) directs that leave be freely given.

---

[1] Joshua Moon directs users to always use Lolcow's hardware to host images and videos at the following URL: https://kiwifarms.st/threads/archival-tools.6561/

July 1, 2026 Hon. Katherine Polk Failla Page 3

Contributory infringement requires knowledge and material contribution. The counterclaim pleads both: Lolcow received notice identifying the file (ECF 53 at ¶¶ 16, 22) and then continued to store, transmit, and publicly display that specific file. Continuing to host and serve identified infringing material after notice is material contribution. Cox does not hold otherwise. Cox concerned an internet-access provider—a Section 512(a) conduit—and whether continued provision of general connectivity to infringing subscribers suffices. Lolcow is not a conduit; it is the host and distributor that stores and serves the specific work and refused a specific takedown. That conduit/host distinction is fundamental, and Cox's rule for the former does not govern the latter. Nor does Lolcow's inducement authority bear on this theory: inducement (*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026)) is a distinct theory requiring affirmative encouragement, which contributory material-contribution liability does not.

Vicarious infringement requires the right and ability to supervise and a direct financial benefit. Lolcow pleads itself into the first element, conceding that it could act on the posts and claiming that its principal "attempted to remove" them (ECF 53 at ¶ 20). Those efforts were ineffective. ECF 42-3 ¶ 8. As to financial benefit, Lolcow misstates the standard: a counterclaimant need not trace revenue to the particular photograph. The "draw" standard asks whether the availability of infringing material acts as a draw for the service, and the benefit "may be established where infringing material acts as a 'draw' to attract subscribers to a defendant's business, even if it is not the primary, or even a significant draw." *EMI Christian Music Grp.*, 844 F.3d at 99. See also *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263–64 (9th Cir. 1996). These standards derive from this Circuit's decisions in *Shapiro* and *Gershwin*, the same authorities Lolcow invokes. Ms. Fong-Jones can plead the draw relationship, and to the extent the Court finds the current allegations thin, leave to amend cures.

## IV. <u>The alter-ego allegations are fact-bound and not resolvable now.</u>

Lolcow's veil-piercing argument rests on a contested choice-of-law premise and, more importantly, on facts outside the pleading. Even accepting *arguendo* that West Virginia law and Sec. 31B-3-303(d) apply, whether Lolcow was adequately capitalized and whether it carried liability insurance are fact questions and are within Lolcow's own knowledge. Ms. Fong-Jones is not required to negate, at the pleading stage, a fact she cannot know before discovery. The counterclaim alleges sole-member domination, undercapitalization, and disregard of corporate formalities (ECF 53 at ¶¶ 28–33); that suffices to proceed, and any perceived gap is a matter for amendment, not dismissal.

For these reasons, Ms. Fong-Jones respectfully requests that the Court deny leave to file the anticipated motion. Should the Court prefer to entertain briefing, Ms. Fong-Jones is prepared to oppose on the schedule the Court sets.

Sincerely,

KAMERMAN, UNCYK, SONIKER & KLEIN P.C.

By: */s Lane A. Haygood*
Lane A. Haygood
Kamerman, Uncyk, Soniker & Klein, PC
1700 Broadway, 16th Floor
New York, NY 10019
lhaygood@kusklaw.com