# HARDIN LAW OFFICE

Matthew D. Hardin  ·  101 Rainbow Drive  ·  PMB 11506  ·  Livingston, TX 77399
Phone: (202) 802-1948  ·  Email: HardinLawPLLC@icloud.com

July 6, 2026

By ECF

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:**     *Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF
Letter Motion for Leave to File an Overlength Reply Memorandum of Law

Dear Judge Failla:

Plaintiff and subpoena recipient Lolcow LLC ("Lolcow") respectfully requests leave, under Your Honor's Individual Rule 2.C, to file a reply memorandum of law in support of its Motion to Quash that exceeds the 3,500-word limit set by Individual Rule 4.B. Lolcow asks that the reply be permitted to run up to 7,023 words. Counsel for the Doe Movants, Marc J. Randazza, consents to the request without qualification. Counsel for Defendant, Lane A. Haygood, consents to a reply of up to 5,000 words, but not beyond. The request is accordingly unopposed up to 5,000 words, and Lolcow seeks the Court's leave for the remainder.

Counsel believes in brevity and regrets this request, but good cause supports it. With this Court's leave (ECF No. 46), Defendant filed a single overlength omnibus memorandum opposing two motions at once (ECF No. 42), supported by three declarations and an extensive set of exhibits. The reply is Lolcow's only opportunity to answer that evidence, and the ground it must cover is unusually broad: the statutory scope of 17 U.S.C. § 512(h) as applied to three subpoenas and multiple pseudonymous forum users; the five-factor framework of *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), and the First Amendment interests of anonymous speakers; a use-by-use fair-use record spanning multiple different posts; service and scope objections under Rule 45; a "common enterprise" theory spanning three legal entities, advanced in a declaration but pleaded nowhere; demands for financial "transactor" records reaching individual payment instruments; a dispute under Federal Rule of Evidence 408 concerning the parties' May 14 conference; evidentiary objections to substantial portions of the opposition's declarations; and Lolcow's request for fees. Briefing those subjects with citation to the governing authorities cannot be done fairly in 3,500 words, or in 5,000.

The changed factual record is the another reason the additional words are needed. Since the motion was filed on June 8, Defendant has answered and counterclaimed (ECF No. 51), filed a third-party complaint against the same pseudonymous users (ECF No. 54), submitted a further letter brief (ECF No. 56), and served an additional takedown notice on June 25. That notice was served while these motions were being briefed, and it was directed at material that had already been

Page 1 of  2

Letter Motion
July 6, 2026

removed. The reply is the first opportunity for Lolcow to address the effect of those developments on the pending motions, and each bears directly on the statutory and equitable questions presented. Presenting that record fairly, rather than in conclusory fashion, is what consumes the additional words.

Complete briefing now will simplify this case later. The questions at the heart of these motions, whether § 512(h) subpoenas may be used to obtain litigation discovery and the identities of anonymous critics, whether the accused uses are fair, and how far the subpoenas may reach into non-party entities and financial records, are central to this litigation. Enforcement activity has continued throughout the briefing period: successive takedown notices have continued even as the legality of earlier notices and subpoenas is being litigated, and the most recent notice arrived after the opposition was filed. Unless these recurring questions are resolved once, comprehensively, and on a complete record, the same disputes will return to the Court serially, notice by notice and subpoena by subpoena, each round generating its own letters, conferences, and briefs. The additional words sought here are a fraction of the briefing they will spare. Complete briefing also avoids ancillary motion practice: the reply folds in evidentiary objections and the Rule 408 dispute that could otherwise arrive as freestanding motions, and it adopts portions of the Doe Movants' reply by reference rather than duplicating them.

The request remains a proportionate one. Under Rule 4.B's conversion metric of 350 words per page, the proposed cap adds roughly eleven pages, and the reply will remain shorter than the opposition it answers. The reply will conform to Rule 4.B in every other respect, including its typeface, margins, and double-spacing, and it will include a table of contents, a table of authorities, and the word-count certificate that the Rule requires. Comparable accommodations have been granted to both sides in this case (ECF Nos. 38, 46), and this request will not affect any deadline: the reply will be filed on the schedule set by the Court's order at ECF No. 49.

Lolcow respectfully requests that the Court grant leave to file a reply memorandum of law in support of its Motion to Quash not to exceed 7,023 words. A proposed endorsement is set out below for the Court's convenience.

Respectfully submitted,

/s/ Matthew D. Hardin
Matthew D. Hardin

*Counsel for Plaintiff Lolcow LLC*

cc:  All counsel of record (via ECF)

Letter Motion
July 6, 2026

ORDER

The Court has reviewed Plaintiff's request and it is hereby GRANTED. Plaintiff may file a reply memorandum of law in support of its Motion to Quash not to exceed 7,500 words. The reply shall otherwise comply with Individual Rule 4.B.

_____
U.S. District Judge