**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LOLCOW LLC,**<br>    **Plaintiff**<br><br>    v.<br><br>**ZHEN ELIZABETH FONG-JONES**<br>    **Defendant** | Case No. 1:26-cv-02059-KPF<br><br><br>**OMNIBUS SUR-REPLY** |

## DEFENDANT'S OMNIBUS SUR-REPLY TO MOTIONS TO QUASH AND FOR A PRELIMINARY INJUNCTION

Lane A. Haygood
KAMERMAN, UNCYK, SONIKER &
KLEIN, PC
1700 Broadway
16th Floor
New York, New York 10019
646-845-6085
lhaygood@kusklaw.com

i

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................................... ii

**TABLE OF AUTHORITIES** ...........................................................................................iii

**PRELIMINARY STATEMENT** ......................................................................................1

**ARGUMENT** ......................................................................................................................1

    1.    The June 25 notice was sent in good faith, and Plaintiff's own papers refute the contrary inference. ..........................................................................................................................................1

    2.    Entering a URL into a web browser is not a crime, and the accusation only highlights the flaws in the Does' mootness argument. ..........................................................................................3

**CERTIFICATE OF SERVICE** .........................................................................................5

## TABLE OF AUTHORITIES

### Cases

*hiQ Labs, Inc. v. LinkedIn Corp.*,
  31 F.4th 1180 (9th Cir. 2022) ........................................................................ 6
*Lenz v. Universal Music Corp.*,
  815 F.3d 1145 (9th Cir. 2016) ........................................................................ 5
*United States v. Auernheimer*,
  11-CR-470-SDW,
  2012 WL 5389142 (D.N.J. 2012) .................................................................... 6
*United States v. Auernheimer*,
  748 F.3d 525 (3d Cir. 2014) ........................................................................... 6
*Van Buren v. United States*,
  593 U.S. 374 (2021) ....................................................................................... 6

### Statutes

18 U.S.C. § 1030 .............................................................................................. 6

## PRELIMINARY STATEMENT

Defendant Zhen Elizabeth Fong-Jones submits this sur-reply for a limited purpose: to address two items of new matter raised for the first time in reply, which Defendant had no opportunity to answer in opposition. The first is Plaintiff's presentation, in its reply in support of its motion for a preliminary injunction, of the June 25 takedown notice and two accompanying images, offered as purported proof that Defendant's DMCA enforcement is conducted in bad faith. ECF 62 at 1–2 & Ex. A. The second is the accusation that a member of Defendant's counsel's litigation staff engaged in "potentially criminal URL hacking." ECF 58 at 2 & n.2.[1] Courts in this District routinely permit surreplies confined to new arguments and new evidence first presented in reply papers, and Defendant confines itself accordingly.

## ARGUMENT

1. **The June 25 notice was sent in good faith, and Plaintiff's own papers refute the contrary inference.**

Plaintiff's Reply argues that two DMCA notices sent by Respondent during the pendency of this action are evidence of bad faith, arguing that the images are clearly not infringing and that the notices were sent after the images had been moderated. Neither argument bears scrutiny.

Plaintiff's argument on timing—that the notice must have been "mechanical" because it reached material Plaintiff's moderators had "already removed two days earlier," ECF 62 at 1 – fares no better. Ms. Fong-Jones has no visibility into Plaintiffs' internal moderation queue, and nothing in Section 512(c)(3) requires a copyright owner to audit a service provider's backend before identifying material she has observed. In any event, Plaintiff admits that the specific storage URLs identified in

---

[1] As discussed below, this accusation is frivolous, so much so that it would not have warranted a surreply standing alone. But given the need for a surreply to address Plaintiff's argument relating to the subsequent DMCA notices, Respondent addresses it herein lest her silence on that issue be misconstrued as agreement.

the June 25 notice remained publicly accessible until that notice arrived and were blocked only "within approximately three hours" of its receipt. ECF 63 at 12 (citing Moon Reply Decl. ¶ 8). Material that a public-facing web server will deliver to anyone who requests it has not been "removed" in any sense meaningful to a copyright owner; the June 25 notice identified live URLs, and the provider disabled them in response. The notice was not evidence of bad faith; it was effective.

As to infringement, the images in question are line drawings that are, respectively, a direct "trace" of Ms. Fong-Jones's copyrighted image (See ECF 42-1, ¶ 2) or a mildly altered version of that trace (see ECF 42-3, ¶ 8, referring to the image posted by Sexy Senior Citizen). Both are unquestionably derivative works, and the exclusive right to prepare derivative works belongs to the copyright owner. *See* 17 U.S.C. § 106(2). The user who generated them falsely purported to license them as substitutes for Ms. Fong-Jones's copyrighted photograph.[2] A hand-rendered copy of a photograph does not exit the scope of Section 106 because the copyist changed media, any more than a charcoal sketch of a copyrighted portrait would; whether such a derivative is excused as fair use is a merits question this Court will decide on the exact same basis as the other images at issue in this matter. The submission of those notices simply is not evidence of "bad faith." *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153–54 (9th Cir. 2016) (inquiry is into sender's state of mind at the time the notice was sent, not whether a court will later agree with their fair use analysis).

Finally, Plaintiff's suggestion that continued enforcement during briefing is itself evidence of bad faith is frivolous. The DMCA imposes no moratorium on notices during litigation; indeed, Plaintiff's pending motion seeks an injunction precisely because no such restraint exists. Sending a notice directed at newly observed uses of the registered work, while the parties litigate the same

---

[2] Available at https://kiwifarms.st/threads/betsy-dupuis-ask-me-anything.231312/page-9#post-24272459

rights, is conduct the statute expressly permits. Characterizing lawful, statutorily contemplated conduct as bad faith does not make it so, and it certainly does not supply the "clear and unequivocal" showing required for the extraordinary interim relief Plaintiff seeks.

2. **Entering a URL into a web browser is not a crime, and the accusation only highlights the flaws in the Does' mootness argument.**

Separately, both Does and the Plaintiff accuse Respondent of "potentially criminal URL hacking," an ostensible violation of 18 U.S.C. § 1030(a)(2)(c), citing *United States v. Auernheimer*, 11-CR-470-SDW, 2012 WL 5389142 at *3 (D.N.J. 2012) (ECF 58 at 2 & n.2; *see also* ECF 62-1; 63-1). Accessing a publicly available webpage is not "without authorization" under the Computer Fraud and Abuse Act. *See Van Buren v. United States*, 593 U.S. 374, 375-76 (2021) (adopting a "gates up or down" construction of the CFAA based on whether the defendant bypassed an authentication requirement or other technological barrier). *See also hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1195–96, 1198-1201 (9th Cir. 2022) (accessing publicly available website data cannot constitute access "without authorization"); *c.f. United States v. Auernheimer*, 748 F.3d 525, 534 n.5 (3d Cir. 2014) (vacating the conviction on which Plaintiff and Does rely).  Because counsel for the Does are sophisticated enough to understand that their accusation is baseless, the very fact of its inclusion in their reply shows the damage done by the mootness argument to the Does' case.[3]

Dated: July 13, 2026
   New York, New York

Respectfully submitted,
  **KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.**
By: /s/ Lane A. Haygood
Lane A. Haygood
1700 Broadway, 16th Floor
New York, New York 10019
Tel: (646) 845-6085

---

[3] All media URLs in Ms. Tewson's declaration are still live and serving the relevant images.

lhaygood@kusklaw.com
Counsel for Defendant Zhen Elizabeth Fong-Jones

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing document with the Clerk of this Court using the District Court's CM/D.I. system. I further certify that a true and correct copy of the foregoing, together with its attachments, will be served on all parties and counsel of record through the Notices of Electronic Filing system implemented by the District Court's CM/D.I. system.

/s/ Lane Haygood
Lane A. Haygood