**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LOLCOW LLC d/b/a KIWI FARMS,**<br>Plaintiff/Counterclaim Defendant,<br>v.<br>**ZHEN ELIZABETH FONG-JONES,**<br>Defendant/Counterclaim Plaintiff/ Third-Party Plaintiff,<br>v.<br>**DOES 1–10,**<br>Third-Party Defendants. | **Case No. 1:26-cv-02059-KPF**<br><br>**STIPULATION FOR ENTRY OF FINAL JUDGMENT** |

Plaintiff Lolcow LLC d/b/a Kiwi Farms and Defendant Zhen Elizabeth Fong-Jones, through counsel, stipulate and jointly request entry of the following final judgment:

**WHEREAS,** Kiwi Farms filed the First Amended Complaint seeking, among other relief, a declaration that the challenged uses are non-infringing fair uses under 17 U.S.C. § 107 and that Kiwi Farms has not infringed any copyright held by Defendant. ECF No. 66 ¶¶ 17–22, 27–30, 38–45 & Prayer for Relief A at 20;

**WHEREAS,** Defendant asserted a counterclaim against Kiwi Farms and third-party claims against Does 1–10. ECF Nos. 51, 52;

**WHEREAS,** at the August 27, 2026 hearing, the Court applied the statutory fair-use factors to the seven reproductions identified in Part I of Schedule A, found each reproduction it analyzed to be fair use, and quashed the three subpoenas issued under 17 U.S.C. § 512(h). Aug. 27, 2026 Hr'g Tr. 5:6–18, 7:9–13, 12:16–22:17; and the three reproductions in Part II of Schedule A are substantially similar to the posts ruled on by the Court on August 27, 2026;

**WHEREAS,** Defendant disputes the Court's fair use determinations and seeks to preserve the limited right to seek review stated below; and

**WHEREAS,** the signing parties wish to resolve every claim in this action by a final judgment that identifies the full set of challenged uses and defines the judgment's intended effect.

**IT IS STIPULATED AND ORDERED:**

1. **Definitions.** A "Scheduled Use" is each reproduction and post identified in the First Amended Complaint or in Schedule A, including the image and the surrounding commentary identified by the cited record. "Covered Conduct" means past, present, or future conduct by Kiwi Farms in hosting, displaying, distributing, caching, restoring, or making ordinary technical reproductions of a Scheduled Use. Ordinary technical reproductions include source files, thumbnails, previews, resizing, compression, format conversion, and changes in URL, domain, or site software, provided that the image and surrounding contextual form remain the same or substantially the same.

2. **Declaratory judgment.** Final judgment is entered for Kiwi Farms on Count I of the First Amended Complaint as follows: Each Scheduled Use is a non-infringing fair use under 17 U.S.C. § 107. Covered Conduct has not infringed and does not infringe any copyright owned, controlled, or asserted by Defendant in the material reproduced in a Scheduled Use.

3. **August 27 ruling.** The Court's oral ruling on August 27, 2026, is incorporated into and made a part of this final judgment and order. A copy of the transcript has been docketed as ECF 77 and is incorporated herein by reference.

4. **Intended preclusive effect.** The signing parties intend Paragraphs 1–3 and Schedule A to be final and binding upon each of them and any successor or assignee of any asserted copyright interest in the material at issue.

5. **Dismissals with prejudice.** Defendant's Counterclaim, ECF No. 51, and Third-Party Complaint, ECF No. 52, are dismissed with prejudice in their entirety. Except for Count I to the extent resolved by Paragraph 2, every remaining claim and request for relief in Lolcow LLC's First Amended Complaint, including Counts II and III, is dismissed with prejudice.

6. **Fees and costs through entry.** Each party shall bear that party's own attorneys' fees, costs, and expenses incurred through entry of this Judgment. This paragraph does not address fees, costs, or expenses incurred after entry, including those incurred in seeking or opposing appellate or original review.

7. **Defined scope.** Except as expressly stated, this Judgment does not adjudicate a use absent from the pleadings or other papers in this case or Schedule A, release a claim arising from post-entry conduct outside Covered Conduct, impose injunctive relief, create a fee remedy beyond applicable law, or require the Court to retain enforcement jurisdiction. For clarity, Paragraph 2 adjudicates every use listed in Schedule A.

8. **Defendant's limited reservation of review.** Defendant expressly reserves the right to seek review only of (a) the declaratory relief in Paragraphs 2–3 and (b) the underlying fair-use determinations announced orally from the bench on August 27, 2026. Defendant may seek that review by appeal or, if otherwise available, by an original proceeding including a petition for a writ of mandamus, in each instance only to the extent permitted by Article III and the governing rules of appellate jurisdiction.

9. **Jurisdictional positions and reciprocal review.** No signing party shall argue that Defendant's consent to entry, standing alone, forecloses the review reserved in Paragraph 8. No signing party concedes that appellate or original proceeding jurisdiction exists, and any party may raise any jurisdictional objection. If Defendant seeks review, Lolcow LLC reserves, to the extent permitted by law, the right to seek review of any adverse ruling that merges into this Judgment, including the denial of preliminary injunctive relief and the denial of fees under Federal Rule of Civil Procedure 45, and to defend this Judgment on any ground supported by the record.

10. **Effect of successful review.** If review sought by Defendant results in a mandate that eliminates or materially narrows the declaratory relief in Paragraph 2, then, at Kiwi Farms's

election on remand, the dismissals in Paragraph 5 shall be vacated in their entirety and all claims, counterclaims, and third-party claims shall return to their prejudgment posture, unless the affected parties agree otherwise in writing.

11. **Condition of entry.** This Stipulation and the parties' substantive settlement obligations become effective only when the Court enters this Judgment without a material modification. If the Court declines to enter the Judgment or makes a material modification to which all signing parties do not consent in writing, this Stipulation is void, the action returns to its pre-stipulation posture, and the Stipulation remains compromise material governed by Federal Rule of Evidence 408.

12. **Finality.** This Judgment resolves every claim against every properly joined party in this action and constitutes a final judgment under Federal Rule of Civil Procedure 58. The Clerk of Court is respectfully requested to terminate all pending motions and close the case.

Dated: September 16, 2026

**HARDIN LAW OFFICE**
By: /s/ Matthew D. Hardin
Matthew D. Hardin
Attorney Reg. No. 5899596
101 Rainbow Drive #11506
Livingston, TX 77399
(212) 680-4938
MatthewDHardin@gmail.com
Counsel for Plaintiff Lolcow LLC
d/b/a Kiwi Farms

**KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.**
By: ______________________
Lane A. Haygood
1700 Broadway, 16th Floor
New York, NY 10019
(646) 845-6085
lhaygood@kusklaw.com
Counsel for Defendant and
Counterclaim/Third-Party Plaintiff

**SO ORDERED AND ENTERED AS FINAL JUDGMENT.**

Dated: ____________________, 2026

______________________________
KATHERINE POLK FAILLA
United States District Judge

## SCHEDULE A: SCHEDULED USES

This Schedule identifies every image and post challenged in the notices that Defendant or Defendant's counsel transmitted on February 26, March 20, March 25, March 27, April 1, April 10, April 21, and June 25, 2026. The April 1 transmission enclosed a notice dated March 31, 2026.

The listed user or description, post or attachment number, and cited docket source identify each Scheduled Use at the time of the execution of this document. Each citation incorporates the image and surrounding commentary shown in the cited record. A change in domain, URL routing, storage path, file name, format, resolution, thumbnailing, or site software does not create a different use when the material and its context remain the same or substantially the same. A change in the content of the use is not necessarily covered by this document.

PART I

1. **Doe 1, user "3MMA."** Attachment no. 8606946, titled "consent-accidents-2026-update-jpg." Record: ECF Nos. 1-1 at 1; 33-1 at 2; 62-1 ¶ 7; Aug. 27, 2026 Hr'g Tr. 13:9–15.
2. **Doe 7, user "GettrGrifter."** Post no. 24020214 in thread no. 128419, page 980. Record: ECF Nos. 33-2 at 2; 33-15 at 2; Aug. 27, 2026 Hr'g Tr. 13:9–15.
3. **Doe 2, user "Sexy Senior Citizen."** Post no. 23950891 in thread no. 128419. Record: ECF Nos. 33-3 at 2; 33-14 at 2; Aug. 27, 2026 Hr'g Tr. 15:11–16:24.
4. **Doe 3, user "Diggus Bickus."** Post no. 23960137 in thread no. 241189. Record: ECF Nos. 33-4 at 2; 33-14 at 2; Aug. 27, 2026 Hr'g Tr. 16:25–17:15.
5. **Doe 4, user "Teriyakiburns."** Post no. 24011066 in thread no. 128419. Record: ECF Nos. 33-5 at 7; 33-14 at 2; Aug. 27, 2026 Hr'g Tr. 17:16–18:15.
6. **Doe 5, user "Dread First."** Post no. 24007809 in thread no. 128419. Record: ECF Nos. 33-6 at 2–3; 33-14 at 2; Aug. 27, 2026 Hr'g Tr. 18:16–20:11.
7. **Doe 6, user "The Mass Shooter Ron Soye."** Post no. 23783876 in thread no. 128419. Record: ECF Nos. 1-1 at 1; 33-7 at 2–3; 62-1 ¶ 7; Aug. 27, 2026 Hr'g Tr. 18:16–20:11.

PART II

8. **Doe 9, user "NoNe7."** Post no. 24097157 in thread no. 241679, page 4. Record: ECF Nos. 16-1 at 3; 17 at 10; see also ECF No. 52.
9. **Doe 8, user "Lollardy."** Post no. 24078760 in thread no. 128419, page 985. Record: ECF Nos. 16-1 at 3; 17 at 10; see also ECF No. 52.
10. **Doe 10, user "Taquito."** Post no. 24102175 in thread no. 242465, page 2. Record: ECF Nos. 16-1 at 3; 17 at 10; see also ECF No. 52.